

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

United States of America,                     Defendant's Request to Charge

              – against –                    1:14-CR-366 (MAD)

Shakir Michael,

                                  Defendant.

---

The Defendant, by his attorneys, submits his proposed Jury Instructions with respect to the crime charged in this case. Mr. Michael accepts the Court's standard charge used in all criminal cases and requests inclusion of these additional, case-specific Jury Instructions.[1] It is further requested that Mr. Michael be allowed to submit additional requests should the need arise.

# Witness Credibility

*Instruction 7-1*        *Witness Credibility – General Instruction*

It must be clear to you by now that the Government and the defendant are asking you to draw very different conclusions about various factual issues in the case. Deciding these issues will involve making judgments about the testimony of the witnesses you have listened to and observed. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you. How did the witness appear? Was the witness candid, frank, and forthright; or, did the witness seem to be evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent or contradictory? Did the witness appear to know what he or she was talking about? Did the witness strike you as someone who was trying to report his or her knowledge accurately? These are examples of the kinds of common sense questions you should ask yourselves in deciding whether a witness is, or is not, truthful.

---

[1] Taken from *Modern Federal Jury Instructions (Criminal)*, Sand, Sifert, et al., Matthew Bender Co. (2009). Added text has been italicized. Additional citation, where appropriate, is included.

Law Offices of
FROST & KAVANAUGH, P.C.
287 North Greenbush Road
Troy, New York 12180-8514
(518) 283-3000
Fax (518) 283-8060



How much you choose to believe a witness may also be influenced by the witness's bias. Does the witness have a relationship with the Government or the defendant that may affect how he or she testified? Does the witness have some incentive, loyalty, or motive that might cause him or her to shade the truth? Does the witness have some bias, prejudice, or hostility that may cause the witness to give you something other than a completely accurate account of the facts he or she testified to?

You should also consider whether a witness had an opportunity to observe the facts he or she testified about. Also, you should consider whether the witness's recollection of the facts stands up in light of the other evidence in the case.

In other words, what you must try to do in deciding credibility is to size up a person just as you would in any important matter when you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.

### Instruction 7-3     *Interest in Outcome*

In evaluating credibility of the witnesses, you should take into account any evidence that the witness who testified may benefit in some way from the outcome of this case. Such an interest in the outcome creates a motive to testify falsely and may sway the witness to testify in a way that advances his own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with great care.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely. It is for you to decide to what extent, if at all, the witness' interest has affected or colored his or her testimony.[2]

*Here, the government called Joseph Fontenot as a witness. Because of his criminal acts, his cooperation agreement with the government, and because the government has not yet made a recommendation to the judge that will sentence Mr. Fontenot, he is in a position to gain favor from the government by testifying against the defendant.*[3] *You should take this into account when evaluating his testimony.*

### Instruction 7-4     *Defendant's Interest If Defendant Testifies*

In a criminal case, the defendant cannot be required to testify, but, if he chooses to testify, he is, of course, permitted to take the witness stand on his own behalf. In this case, the defendant

---

[2] See also, *US v. Bufalino*, 683 F.2d 639 (2d Cir. 1982); *US v. Frank*, 494 F.2d 145 (2d Cir. 1974).

[3] See Commentary to Instruction ("When the prosecution calls a witness who has an interest, the defense should be certain to request the foregoing instruction, and also consider amplifying it with pertinent facts."); *US v. Iacovetti*, 466 F.2d 1147, 1153 (5th Cir. 1972)

Law Offices of
FROST & KAVANAUGH, P.C.
287 North Greenbush Road
Troy, New York 12180-8514
(518) 283-3000
Fax (518) 283-8060

2



decided to testify. You should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of this case.[4]

### Instruction 7-5        Accomplices Called by the Government

You have heard witnesses who testified that they were actually involved in planning and carrying out the crime(s) charged in the indictment. There has been a great deal said about these so-called accomplice witnesses in the summations of counsel and whether or not you should believe them.

The government argues, as it is permitted to do, that it must take the witnesses as it finds them. It argues that only people who themselves take part in criminal activity have the knowledge required to show criminal behavior by others.

For those very reasons, the law allows the use of accomplice testimony. Indeed, it is the law in federal courts that the testimony of accomplices may be enough in itself for conviction, if the jury finds that the testimony establishes guilt beyond a reasonable doubt.

However it is also the case that accomplice testimony is of such nature that it must be scrutinized with great care and viewed with particular caution when you decide how much of that testimony to believe.

I have given you some general considerations on credibility and I will not repeat them all here. Nor will I repeat all of the arguments made on both sides. However, let me say a few things that you may want to consider during your deliberations on the subject of accomplices.

You should ask yourselves whether these so-called accomplices would benefit more by lying, or by telling the truth. Was their testimony made up in any way because they believed or hoped that they would somehow receive favorable treatment by testifying falsely? Or did they believe that their interests would be best served by testifying truthfully? If you believe that the witness was motivated by hopes of personal gain, was the motivation one which would cause him to lie, or was it one which would cause him to tell the truth? Did this motivation color his testimony?

*The testimony of some witnesses must be considered with more caution than the testimony of other witnesses.*

*For example, a paid informer, or a witness who has been promised that he or she will not be charged or prosecuted, or a witness who hopes to gain more favorable treatment in his or her own case, may have a reason to make a false statement because the witness wants to strike a good bargain with the government.*

---

[4] *US v. Martin*, 525 F.2d 703 (2nd Cir. 1975)

Law Offices of
FROST & KAVANAUGH, P.C.
287 North Greenbush Road
Troy, New York 12180-8514
(518) 283-3000
Fax (518) 283-8060

3



*So, while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.*[5]

In sum, you should look at all of the evidence in deciding what credence and what weight, if any, you will want to give to the accomplice witnesses.

### Instruction 7-9        *Informal Immunity of Government Witness*

You have heard the testimony of a witness who has been promised that in exchange for testifying truthfully, completely, and fully, he will not be prosecuted for any crimes which he may have admitted either here in court or in interviews with the prosecutors. This promise was not a formal order of immunity by the court, but was arranged directly between the witness and the government.

The government is permitted to make these kinds of promises and is entitled to call as witnesses people to whom these promises are given. You are instructed that you may convict a defendant on the basis of such a witness' testimony alone, if you find that his testimony proves the defendant guilty beyond a reasonable doubt.

However, the testimony of a witness who has been promised that he will not be prosecuted should be examined by you with greater care than the testimony of an ordinary witness. You should scrutinize it closely to determine whether or not it is colored in such a way as to place guilt upon the defendant in order to further the witness' own interests; for, such a witness, confronted with the realization that he can win his own freedom by helping to convict another, has a motive to falsify his testimony.

Such testimony should be received by you with suspicion and you may give it such weight, if any, as you believe it deserves.

### Instruction 7-9.1        *Witness Using or Addicted to Drugs*[6]

There has been evidence introduced at the trial that the government (or defendant) called as a witness a person who was using (or addicted to) drugs when the events he observed took place or who is now using drugs. I instruct you that there is nothing improper about calling such a witness to testify about events within his personal knowledge.

On the other hand, his testimony must be examined with greater scrutiny than the testimony of any other witness. The testimony of a witness who was using drugs at the time of the events he is testifying about, or who is using drugs (or an addict) at the time of his testimony may be less believable because of the effect the drugs may have on his ability to perceive or relate the events in question.

---

[5] Eleventh Circuit Pattern Criminal Jury Instructions, Special Instruction 1.1
[6] See, *US v. Pagano*, 207 F.2d 884 (2nd Cir. 1953)

Law Offices of
FROST & KAVANAUGH, P.C.
287 North Greenbush Road
Troy, New York 12180-8514
(518) 283-3000
Fax (518) 283-8060



*An addict may have a constant need for drugs, and for money to buy drugs, and may also have a greater fear of imprisonment because his supply of drugs may be cut off. Think about these things and consider whether his testimony may have been influenced by the government's promise.*[7]

*You have also heard that Joseph Fontenot is both a drug addict and a paid government informer. I instruct you that a drug addict is inherently a perjurer where his own interests are concerned.*[8]

If you decide to accept his testimony, after considering it in light of all the evidence in this case, then you may give it whatever weight, if any, you find it deserves.

### Instruction 7-10    Government Witness – Not Proper To Consider Guilty Plea

You have heard testimony from a government witness who pled guilty to charges arising out of the same facts as this case. You are instructed that you are to draw no conclusions or inferences of any kind about the guilt of the defendant on trial from the fact that a prosecution witness pled guilty to similar charges. That witness' decision to plead guilty was a personal decision about his own guilt. It may not be used by you in any way as evidence against or unfavorable to the defendant on trial here.[9]

### Instruction 7-11    Codefendant's Plea Agreement

In this case, there has been testimony from a government witness who pled guilty after entering into an agreement with the government to testify. There is evidence that the government agreed to dismiss some charges against the witness and agreed not to prosecute him on other charges in exchange for the witness' agreement to plead guilty and testify at this trial against the defendant. The government also promised to bring the witness' cooperation to the attention of the sentencing court.

The government is permitted to enter into this kind of plea agreement. You, in turn, may accept the testimony of such a witness and convict the defendant on the basis of this testimony alone, if it convinces you of the defendant's guilt beyond a reasonable doubt.

However, you should bear in mind that a witness who has entered into such an agreement has an interest in this case different than any ordinary witness. A witness who realizes that he may be able to obtain his own freedom, or receive a lighter sentence by giving testimony favorable to the prosecution, has a motive to testify falsely. Therefore, you must examine his

---

[7] See, Sixth Circuit Pattern Criminal Jury Instruction 7.06B.

[8] *US v. Griffin*, 382 F.2d 823, 828 (6th Cir., 1967); *US v. Godfrey*, 353 F.2d 456 (D.C. Cir. 1965); *US v. Fletcher,* 158 F.2d 321, 322 (D.C. Cir., 1948)

[9] Defendant requests that this instruction be given at the time of Fontenot's testimony about his plea and also as part of the Court's final instructions. *US v. Bryza*, 522 F.2d 414, 425 (7th Cir. 1975)

Law Offices of
FROST & KAVANAUGH, P.C.
287 North Greenbush Road
Troy, New York 12180-8514
(518) 283-3000
Fax (518) 283-8060

5



testimony with caution and weigh it with great care. If, after scrutinizing his testimony, you decide to accept it, you may give it whatever weight, if any, you find it deserves.[10]

*The prosecution has offered into evidence the actual letter of agreement in which the government has promised not to prosecute the witness under certain conditions. That agreement has been received so that you can have before you the actual terms under which the witness was promised immunity. I want to caution you that the agreement itself is no evidence that the witness has, in fact, testified truthfully. It may only be considered by you in deciding whether the witness has an interest in the outcome of this case which would motivate him to testify falsely, or whether it is in his interest to testify truthfully, regardless of the outcome. In any event, you should accept his testimony with great care. How much of it you choose to believe, and the importance you wish to give to it, are your decisions alone.*[11]

### Instruction 7-12        Impeachment by Felony Conviction-Non-Defendant

You have heard the testimony of a witness who was previously convicted of a crime, punishable by more than one year in jail (or involving dishonesty or false statement). This prior conviction was put into evidence for you to consider in evaluating the witness' credibility. You may consider the fact that the witness who testified is a convicted felon in deciding how much of his testimony to accept and what weight, if any, it should be given.[12]

### Instruction 7-14        Government Informers

There has been evidence introduced at trial that the government used an informer in this case. I instruct you that there is nothing improper in the government's use of informers and, indeed, certain criminal conduct never would be detected without the use of informers. You, therefore, should not concern yourselves with how you personally feel about the use of informers, because that is really beside the point. Put another way, your concern is to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt, regardless of whether evidence was obtained by the use of an informer.

On the other hand, when an informer testifies, as he did here, his testimony must be examined with greater scrutiny than the testimony of an ordinary witness. You should consider whether he received any benefits or promises from the government which would motivate him to testify falsely against the defendant. For example, he may believe that he will only continue to receive these benefits if he produces evidence of criminal conduct.

---

[10] *US v. Gleason*, 616 F.2d 2 (2d Cir. 1979)

[11] See Commentary to Instructions; *US v. Walker*, 871 F.2d 1298 (6th Cir. 1989)

[12] *US v. Carcione*, 592 F.2d 111 (2d Cir. 1979)

Law Offices of
FROST & KAVANAUGH, P.C.
287 North Greenbush Road
Troy, New York 12180-8514
(518) 283-3000
Fax (518) 283-8060

6



    If you decide to accept his testimony, after considering it in the light of all the evidence in this case, then you may give it whatever weight, if any, you find it deserves.[13]

### Instruction 7-16    Law Enforcement Witness

    You have heard the testimony of a law enforcement official. The fact that a witness may be employed by the federal government *and by the City of Albany, New York* as a law enforcement official does not mean that his testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

    At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

    It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

## Substantive Charges

### Instruction 35-48    First Element – Defendant's Prior Conviction

    The first element the government must prove beyond a reasonable doubt is that prior to the date the defendant is charged with possessing the firearm, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year.

    *The parties have stipulated that the defendant was convicted of a crime in state court and that this crime is punishable by imprisonment for a term exceeding one year. It has also been stipulated that this conviction occurred prior to the time that the defendant is alleged to have possessed the weapon charged in the indictment.*[14]

    I instruct you, in this connection, that the prior conviction that is an element of the charge here, and is not disputed, is only to be considered by you for the fact that it exists, and for nothing else. You are not to consider it for any other purpose. You are not to speculate as to what it was for. You may not consider the prior conviction in deciding whether it is more likely than not that the defendant was in knowing possession of the gun that is charged, which is the disputed element of the offense.[15]

---

[13] *US v. Orza*, 320 F.2d 574 (2d Cir. 1963)

[14] *Old Chief v. United States*, 519 U.S. 172, 174 (1997), district court abused its discretion when refusing to accept defendant's offer to stipulate to prior conviction under 18 U.S.C. § 922(g)(1).

[15] *US v. Page*, 657 F.3d 126 (2d Cir. 2011)

Law Offices of
FROST & KAVANAUGH, P.C.
287 North Greenbush Road
Troy, New York 12180-8514
(518) 283-3000
Fax (518) 283-8060

7



*I also instruct you that: (a) the defendant is not on trial for that prior conviction; (b) that prior conviction is to be considered only as evidence of whether or not the defendant was eligible to possess firearms; and (c) the prior conviction is not to be given any weight in determining beyond a reasonable doubt that the defendant knowingly possessed the firearm.*[16]

### Instruction 35-86   Limiting Instruction

Under count (2), the defendant is charged with using or carrying a firearm during the commission of a drug trafficking crime *for which he may be prosecuted in a court of the United States*.[17]

If upon all of the evidence you find that the government has failed to prove beyond a reasonable doubt *that the defendant committed a drug trafficking crime for which he may be prosecuted in a court of the United States, then you will find the defendant not guilty of count two of the Indictment.*

In reaching your verdict on count (2), you may consider the evidence of count (1) only for the purpose of determining whether the elements of count (2) have been satisfied.

### Instruction 35-87   Elements of the Offense

The government must prove each of the following elements beyond a reasonable doubt to sustain its burden of proving the defendant guilty:

[list all elements of 21 USC 841(a)(1)][18]

Second, that the defendant knowingly possessed a firearm in furtherance of *that same drug trafficking crime for which he might be prosecuted in a court of the United States*.[19]

---

[16] See, Commentary to Instructions, ("Because proof of a violation of section 922(g) necessarily involves proof of a prior criminal conviction, defense counsel may consider requesting that the trial court charge the jury to [this effect…]"); *US v. Nguyen*, 88 F.3d 812 (9th Cir. 1996); *US v. Davis*, 792 F.2d 1299 (5th Cir. 1986)

[17] See 18 USC 924(c)(1)(A); Count Two of the Indictment

[18] See, Commentary to Instructions ("Instruction 35-87 is designed for the usual case when the predicate crime and the section 924(c) count are both charged in the indictment. If the predicate crime is not charged in the indictment, the first element should be replaced with all of the elements of the predicate crime. It is not sufficient merely to read the statute defining the predicate crime, or to generally describe the elements of the predicate offense."); *US v. Morrow*, 923 F.2d 427 (6th Cir. 1991); *US v. Nelson*, 27 F.3d 199, (6th Cir. 1994); *US v. Kuehne*, 547 F. 3d 667 (6th Cir. 2008)

[19] Surplusage removed

Law Offices of
FROST & KAVANAUGH, P.C.
287 North Greenbush Road
Troy, New York 12180-8514
(518) 283-3000
Fax (518) 283-8060

8



Dated: January 31, 2015	Respectfully submitted,
       Troy, New York

s/

_____
Arthur R. Frost, Esq.
Bar Roll No. 511214
FROST & KAVANAUGH, P.C.
Attorneys for Defendant
Office and P. O. Address
287 North Greenbush Road
Troy, New York 12180
Tel.: (518) 283-3000

To:

    Honorable Mae A. D'Agostino
    United States District Court Judge
    U.S. District Court
    Albany, New York 12207

    United States Attorney's Office
    Robert Sharpe, Esq., AUSA
    James T. Foley U. S. Courthouse
    445 Broadway
    Albany, NY 12207

\\fkreception\f&k_data files\criminal\michael, shakir\requests to charge.docx

Law Offices of
FROST & KAVANAUGH, P.C.
287 North Greenbush Road
Troy, New York 12180-8514
(518) 283-3000
Fax (518) 283-8060

9