# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF NEW YORK

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**UNITED STATES OF AMERICA,**

**Criminal Action No. 1:14-CR-366 (MAD)**

**v.**

**SHAKIR MICHAEL,**

**Defendant.**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## UNITED STATES' REQUESTED JURY INSTRUCTIONS

Dated: March 9, 2015

Respectfully submitted,

RICHARD S. HARTUNIAN
United States Attorney


*/s/ Robert A. Sharpe*

By:   Robert A. Sharpe
Assistant U.S. Attorney
Bar Roll No. 302573

## PREFACE

IN ACCORDANCE WITH FEDERAL RULE OF CRIMINAL PROCEDURE 30, THE UNITED STATES REQUESTS THAT THE COURT INSTRUCT THE JURY AS HEREINAFTER SET FORTH.   THE REQUESTED JURY INSTRUCTIONS ARE BASED UPON THE DEFENDANT, EVIDENCE, AND ISSUES WHICH ARE ANTICIPATED, AND ARE INTENDED TO BE COMPREHENSIVE.   BEFORE SUBMITTING THE CASE TO THE JURY, THE COURT MAY BE ASKED TO REMOVE ANY REQUESTED INSTRUCTION WHICH TURNS OUT TO BE INAPPLICABLE, AND THE UNITED STATES MAY REQUEST ADDITIONAL INSTRUCTIONS DEPENDING UPON THE ISSUES WHICH ARISE AT TRIAL.

THE SOURCES FOR THESE INSTRUCTIONS GENERALLY ARE:

E. DEVITT, C. BLACKMAR & O'MALLEY, FEDERAL JURY PRACTICE AND INSTRUCTIONS, CRIMINAL (4TH ED. 1990); ("DEVITT AND BLACKMAR"); S. SALTZBURG & H. PERLMAN, FEDERAL CRIMINAL JURY INSTRUCTIONS (2D 1993) ("SALTZBURG AND PERLMAN"); L. SAND, J. SIFFERT, W. LOUGHLIN, & S. REISS, MODERN FEDERAL JURY INSTRUCTIONS (LAST UPDATED 2011) ("SAND"); AND APPLICABLE CASE LAW.

## REQUESTED INSTRUCTION NO. 1

## ROLE OF THE COURT

YOU HAVE NOW HEARD ALL OF THE EVIDENCE IN THE CASE AS WELL AS THE FINAL ARGUMENTS OF THE PARTIES.

MY DUTY AT THIS POINT IS TO INSTRUCT YOU AS TO THE LAW.   IT IS YOUR DUTY TO ACCEPT THESE INSTRUCTIONS OF LAW AND APPLY THEM TO THE FACTS AS YOU DETERMINE THEM, JUST AS IT HAS BEEN MY DUTY TO PRESIDE OVER THE TRIAL AND DECIDE WHAT TESTIMONY AND EVIDENCE IS RELEVANT UNDER THE LAW FOR YOUR CONSIDERATION.

ON THESE LEGAL MATTERS, YOU MUST TAKE THE LAW AS I GIVE IT TO YOU.   IF AN ATTORNEY HAS STATED A LEGAL PRINCIPLE DIFFERENT FROM ANY THAT I STATE TO YOU IN MY INSTRUCTIONS, IT IS MY INSTRUCTIONS THAT YOU MUST FOLLOW.

YOU SHOULD NOT SINGLE OUT ANY ONE INSTRUCTION AS ALONE STATING THE LAW, BUT YOU SHOULD CONSIDER MY INSTRUCTIONS AS A WHOLE WHEN YOU RETIRE TO DELIBERATE IN THE JURY ROOM.

YOU SHOULD NOT, ANY OF YOU, BE CONCERNED ABOUT THE WISDOM OF ANY RULE THAT I STATE.   REGARDLESS OF ANY OPINION THAT YOU MAY HAVE AS TO WHAT THE LAW MAY BE - OR OUGHT TO BE -

IT WOULD VIOLATE YOUR SWORN DUTY TO BASE A VERDICT UPON ANY

OTHER VIEW OF THE LAW THAN THAT WHICH I GIVE YOU.

---

Sand, Instruction No. 2-2.

## REQUESTED INSTRUCTION NO. 2

## ROLE OF THE JURY

YOUR FINAL ROLE IS TO PASS UPON AND DECIDE THE FACT ISSUES THAT ARE IN THE CASE.   YOU, THE MEMBERS OF THE JURY, ARE THE SOLE AND EXCLUSIVE JUDGES OF THE FACTS.   YOU PASS UPON THE WEIGHT OF THE EVIDENCE; YOU DETERMINE THE CREDIBILITY OF THE WITNESSES; YOU RESOLVE SUCH CONFLICTS AS THERE MAY BE IN THE TESTIMONY, AND YOU DRAW WHATEVER REASONABLE INFERENCES YOU DECIDE TO DRAW FROM THE FACTS AS YOU HAVE DETERMINED THEM.

I SHALL LATER DISCUSS WITH YOU HOW TO PASS UPON THE CREDIBILITY - OR BELIEVABILITY - OF THE WITNESSES.

IN DETERMINING THE FACTS, YOU MUST RELY UPON YOUR OWN RECOLLECTION OF THE EVIDENCE.   WHAT HAS BEEN SAID IN OPENING STATEMENTS, IN CLOSING ARGUMENTS, IN OBJECTIONS, OR IN QUESTIONS IS NOT EVIDENCE.   IN THIS CONNECTION YOU SHOULD BEAR IN MIND THAT A QUESTION PUT TO A WITNESS IS NEVER EVIDENCE.   IT IS ONLY THE ANSWER WHICH IS EVIDENCE.   NOR IS ANYTHING I MAY HAVE SAID DURING THE TRIAL OR MAY SAY DURING THESE INSTRUCTIONS WITH RESPECT TO A FACT MATTER TO BE TAKEN IN SUBSTITUTION FOR YOUR OWN INDEPENDENT RECOLLECTION.   WHAT I SAY IS NOT EVIDENCE.

THE EVIDENCE BEFORE YOU CONSISTS OF THE ANSWERS GIVEN BY WITNESSES - THE TESTIMONY THEY GAVE, AS YOU RECALL IT - AND THE EXHIBITS THAT WERE RECEIVED IN EVIDENCE.

THE EVIDENCE DOES NOT INCLUDE QUESTIONS.   ONLY THE ANSWERS ARE EVIDENCE.   BUT YOU MAY NOT CONSIDER ANY ANSWER THAT I DIRECTED YOU TO DISREGARD OR THAT I DIRECTED STRUCK FROM THE RECORD.   DO NOT CONSIDER SUCH ANSWERS.   YOU MAY ALSO CONSIDER ANY STIPULATIONS OF THE PARTIES AS EVIDENCE.

SINCE YOU ARE THE SOLE AND EXCLUSIVE JUDGES OF THE FACTS, I DO NOT MEAN TO INDICATE ANY OPINION AS TO THE FACTS OR WHAT YOUR VERDICT SHOULD BE.   THE RULINGS I HAVE MADE DURING THE TRIAL ARE NOT ANY INDICATION OF MY VIEWS OF WHAT YOUR DECISION SHOULD BE AS TO WHETHER OR NOT THE GUILT OF THE DEFENDANT HAS BEEN PROVEN BEYOND A REASONABLE DOUBT.

---

Sand, Instruction No. 2-3.

## REQUESTED INSTRUCTION NO. 3

## THE GOVERNMENT AS A PARTY

YOU ARE TO PERFORM THE DUTY OF FINDING THE FACTS WITHOUT BIAS OR PREJUDICE AS TO ANY PARTY.  YOU ARE TO PERFORM YOUR FINAL DUTY IN AN ATTITUDE OF COMPLETE FAIRNESS AND IMPARTIALITY.

THE CASE IS IMPORTANT TO THE GOVERNMENT, FOR THE ENFORCEMENT OF CRIMINAL LAWS IS A MATTER OF PRIME CONCERN TO THE COMMUNITY.  EQUALLY, IT IS IMPORTANT TO THE DEFENDANT, WHO IS CHARGED WITH SERIOUS CRIMES.

THE FACT THAT THE PROSECUTION IS BROUGHT IN THE NAME OF THE UNITED STATES OF AMERICA ENTITLES THE GOVERNMENT TO NO GREATER CONSIDERATION THAN THAT ACCORDED TO THE DEFENDANT. BY THE SAME TOKEN, IT IS ENTITLED TO NO LESS CONSIDERATION.  ALL PARTIES, WHETHER GOVERNMENT OR INDIVIDUALS, STAND AS EQUALS AT THE BAR OF JUSTICE.

THE QUESTION BEFORE YOU CAN NEVER BE:   WILL THE GOVERNMENT WIN OR LOSE THE CASE.   THE GOVERNMENT ALWAYS WINS WHEN JUSTICE IS DONE, REGARDLESS OF WHETHER THE VERDICT IS GUILTY OR NOT GUILTY.

_____

Sand, Instruction No. 2-5.

## REQUESTED INSTRUCTION NO. 4

## CONDUCT OF COUNSEL

IT IS THE DUTY OF THE ATTORNEYS AND/OR PERSONS REPRESENTING THEMSELVES TO OBJECT WHEN THE OTHER SIDE OFFERS TESTIMONY OR OTHER EVIDENCE WHICH THEY BELIEVE IS NOT PROPERLY ADMISSIBLE.   THEY ALSO HAVE THE RIGHT AND DUTY TO ASK THE COURT TO MAKE RULINGS OF LAW AND TO REQUEST CONFERENCES AT THE SIDE BAR OUT OF THE HEARING OF THE JURY.   ALL THOSE QUESTIONS OF LAW MUST BE DECIDED BY ME, THE COURT.   YOU SHOULD NOT SHOW ANY PREJUDICE AGAINST THEM BECAUSE THEY OBJECTED TO THE ADMISSIBILITY OF EVIDENCE, OR ASKED FOR A CONFERENCE OUT OF THE HEARING OF THE JURY OR ASKED THE COURT FOR A RULING ON THE LAW.

AS I ALREADY INDICATED, MY RULINGS ON THE ADMISSIBILITY OF EVIDENCE DO NOT INDICATE ANY OPINION ABOUT THE WEIGHT OR EFFECT OF SUCH EVIDENCE.   YOU ARE THE SOLE JUDGES OF THE CREDIBILITY OF ALL WITNESSES AND THE WEIGHT AND EFFECT OF ALL EVIDENCE.

---

Sand, Instruction No. 2-8.

## REQUESTED INSTRUCTION NO. 5

## IMPROPER CONSIDERATIONS:
## RACE, RELIGION, NATIONAL ORIGIN, SEX OR AGE

YOUR VERDICT MUST BE BASED SOLELY UPON THE EVIDENCE DEVELOPED AT TRIAL OR THE LACK OF EVIDENCE.

IT WOULD BE IMPROPER FOR YOU TO CONSIDER, IN REACHING YOUR DECISION AS TO WHETHER THE GOVERNMENT SUSTAINED ITS BURDEN OF PROOF, ANY PERSONAL FEELINGS YOU MAY HAVE ABOUT THE DEFENDANT'S RACE, RELIGION, NATIONAL ORIGIN, SEX OR AGE.  ALL PERSONS ARE ENTITLED TO THE PRESUMPTION OF INNOCENCE AND THE GOVERNMENT HAS THE BURDEN OF PROOF, AS I WILL DISCUSS IN A MOMENT.

IT WOULD BE EQUALLY IMPROPER FOR YOU TO ALLOW ANY FEELINGS YOU MIGHT HAVE ABOUT THE NATURE OF THE CRIME CHARGED TO INTERFERE WITH YOUR DECISION MAKING PROCESS.

TO REPEAT, YOUR VERDICT MUST BE BASED EXCLUSIVELY UPON THE EVIDENCE OR THE LACK OF EVIDENCE IN THE CASE.

---

Sand, Instruction No. 2-11.

9

## REQUESTED INSTRUCTION NO. 6

## PRESUMPTION OF INNOCENCE AND BURDEN OF PROOF

ALTHOUGH THE DEFENDANT HAS BEEN INDICTED, YOU MUST REMEMBER THAT AN INDICTMENT IS ONLY AN ACCUSATION.  IT IS NOT EVIDENCE. THE DEFENDANT HAS PLED NOT GUILTY TO THAT INDICTMENT.

AS A RESULT OF THE DEFENDANT'S PLEA OF NOT GUILTY THE BURDEN IS ON THE PROSECUTION TO PROVE GUILT BEYOND A REASONABLE DOUBT.  THIS BURDEN NEVER SHIFTS TO THE DEFENDANT FOR THE SIMPLE REASON THAT THE LAW NEVER IMPOSES UPON A DEFENDANT IN A CRIMINAL CASE THE BURDEN OR DUTY OF CALLING ANY WITNESS OR PRODUCING ANY EVIDENCE.

THE LAW PRESUMES EVERY DEFENDANT TO BE INNOCENT OF THE CHARGES AGAINST HIM.

THUS THE DEFENDANT, ALTHOUGH ACCUSED, BEGINS THE TRIAL WITH A CLEAN SLATE, WITH NO EVIDENCE AGAINST HIM.  THIS PRESUMPTION OF INNOCENCE ALONE IS SUFFICIENT TO ACQUIT A DEFENDANT UNLESS YOU AS JURORS ARE SATISFIED BEYOND A

REASONABLE DOUBT OF THE DEFENDANT'S GUILT, AFTER A CAREFUL

AND IMPARTIAL CONSIDERATION OF ALL OF THE EVIDENCE IN THIS CASE.

_____

Sand, Instruction No. 4-1.

## REQUESTED INSTRUCTION NO. 7

### REASONABLE DOUBT

I HAVE SAID THAT THE GOVERNMENT MUST PROVE THE DEFENDANT GUILTY BEYOND A REASONABLE DOUBT. THE QUESTION NATURALLY IS: WHAT IS A REASONABLE DOUBT? THE WORDS ALMOST DEFINE THEMSELVES. IT IS A DOUBT BASED UPON REASON AND COMMON SENSE. IT IS A DOUBT THAT A PERSON HAS AFTER CAREFULLY WEIGHING ALL OF THE EVIDENCE. IT IS A DOUBT WHICH WOULD CAUSE A REASONABLE PERSON TO HESITATE TO ACT IN A MATTER OF IMPORTANCE IN HIS OR HER OWN LIFE. REASONABLE DOUBT IS ONE WHICH APPEALS TO YOUR REASON, YOUR JUDGMENT, YOUR COMMON SENSE, AND YOUR EXPERIENCE.

REASONABLE DOUBT IS NOT CAPRICE, WHIM OR SPECULATION. IT IS NOT AN EXCUSE TO AVOID THE PERFORMANCE OF AN UNPLEASANT DUTY. IT IS NOT SYMPATHY FOR A DEFENDANT. VAGUE, SPECULATIVE, OR IMAGINARY QUALMS OR MISGIVINGS ARE NOT REASONABLE DOUBTS.

IN A CRIMINAL CASE, THE BURDEN IS AT ALL TIMES UPON THE GOVERNMENT TO PROVE GUILT BEYOND A REASONABLE DOUBT. THE LAW DOES NOT REQUIRE THAT THE GOVERNMENT PROVE GUILT BEYOND ALL POSSIBLE DOUBT; PROOF BEYOND A REASONABLE DOUBT IS SUFFICIENT TO CONVICT. THIS BURDEN NEVER SHIFTS TO A DEFENDANT, WHICH MEANS THAT IT IS ALWAYS THE GOVERNMENT'S

BURDEN TO PROVE EACH OF THE ELEMENTS OF THE CRIMES CHARGED BEYOND A REASONABLE DOUBT.

IT IS NOT NECESSARY FOR THE GOVERNMENT TO PROVE THE GUILT OF THE DEFENDANT TO A MATHEMATICAL CERTAINTY OR BEYOND ALL POSSIBLE DOUBT.   IF THAT WERE THE RULE, FEW MEN OR WOMEN, HOWEVER GUILTY THEY MIGHT BE, WOULD EVER BE CONVICTED.   AS I AM SURE THAT YOU CAN APPRECIATE, THE LAW DOES NOT REQUIRE THE GOVERNMENT TO PROVE A DEFENDANT'S GUILT BEYOND ALL POSSIBLE DOUBT BECAUSE IN THIS WORLD OF OURS IT IS PRACTICALLY IMPOSSIBLE FOR A PERSON TO BE ABSOLUTELY AND COMPLETELY CONVINCED OF ANY CONTROVERTED FACT WHICH BY ITS NATURE IS NOT SUSCEPTIBLE OF MATHEMATICAL CERTAINTY.   IN CONSEQUENCE, THE LAW IS SUCH THAT IN A CRIMINAL CASE IT IS ENOUGH IF PROOF THAT THE DEFENDANT IS GUILTY IS ESTABLISHED BEYOND A REASONABLE DOUBT, NOT BEYOND ALL POSSIBLE DOUBT.

IF, AFTER FAIR AND IMPARTIAL CONSIDERATION OF ALL OF THE EVIDENCE YOU HAVE A REASONABLE DOUBT CONCERNING THE GUILT OF THE DEFENDANT, IT IS YOUR DUTY TO ACQUIT THE DEFENDANT.   ON THE OTHER HAND, IF AFTER FAIR AND IMPARTIAL CONSIDERATION OF ALL THE EVIDENCE YOU ARE SATISFIED OF THE DEFENDANT'S GUILT BEYOND A REASONABLE DOUBT, YOU SHOULD CONVICT.

---

Adapted from Sand, Instruction No. 4-2; United States v. Desist, 384 F.2d 889 (2d Cir. 1967), aff'd, 394 U.S. 244 (1969);   United States v. Borelli, 336 F.2d 376 (2d Cir. 1964), cert. denied, 379 U.S. 960 (1965); United States v. Kahaner, 317 F.2d 459 (2d Cir. 1963), cert. denied, 375 U.S. 836 (1963); United States v. Aqueci, 310 F.2d 817 (2d Cir. 1962), cert. denied, 372 U.S. 959 (1963).

## REQUESTED INSTRUCTION NO. 8

## FAILURE OF THE DEFENDANT TO TESTIFY (IF APPLICABLE)

THE LAW DOES NOT COMPEL A DEFENDANT IN A CRIMINAL CASE TO TAKE THE WITNESS STAND AND TESTIFY, AND NO PRESUMPTION OF GUILT MAY BE RAISED BY, AND NO INFERENCE OF ANY KIND MAY BE DRAWN FROM, THE FAILURE OF THE DEFENDANT TO TESTIFY.

AS STATED BEFORE, THE LAW NEVER IMPOSES UPON THE DEFENDANT IN A CRIMINAL CASE THE BURDEN OR DUTY OF CALLING ANY WITNESS OR OF PRODUCING ANY EVIDENCE.

_____

Devitt and Blackmar, § 15.14 (edited).

## REQUESTED INSTRUCTION NO. 9

## SYMPATHY

UNDER YOUR OATH AS JURORS YOU ARE NOT TO BE SWAYED BY SYMPATHY.   YOU ARE TO BE GUIDED BY THE EVIDENCE IN THIS CASE, AND THE CRUCIAL, HARD-CORE QUESTION THAT YOU MUST ASK YOURSELVES AS YOU SIFT THROUGH THE EVIDENCE IS: HAS THE UNITED STATES PROVEN THE GUILT OF THE DEFENDANT BEYOND A REASONABLE DOUBT?

IT IS FOR YOU ALONE TO DECIDE WHETHER THE GOVERNMENT HAS PROVEN THAT THE DEFENDANT IS GUILTY OF THE CRIMES CHARGED SOLELY ON THE BASIS OF THE EVIDENCE AND SUBJECT TO THE LAW AS I CHARGE YOU.   IT MUST BE CLEAR TO YOU THAT ONCE YOU LET FEAR OR PREJUDICE OR BIAS OR SYMPATHY INTERFERE WITH YOUR THINKING, THERE IS A RISK THAT YOU WILL NOT ARRIVE AT A TRUE AND JUST VERDICT.

IF YOU HAVE A REASONABLE DOUBT AS TO THE GUILT OF THE DEFENDANT, YOU SHOULD NOT HESITATE FOR ANY REASON TO FIND A VERDICT OF ACQUITTAL.   BUT ON THE OTHER HAND, IF YOU SHOULD FIND THAT THE GOVERNMENT HAS MET ITS BURDEN OF PROVING THE GUILT OF THE DEFENDANT BEYOND A REASONABLE DOUBT, YOU SHOULD

NOT HESITATE, BECAUSE OF SYMPATHY OR ANY OTHER REASON, TO

RENDER A VERDICT OF GUILTY.

_____

Sand, Instruction No. 2-12.

**REQUESTED INSTRUCTION NO. 10**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

THERE ARE TWO TYPES OF EVIDENCE FROM WHICH YOU MAY FIND THE TRUTH AS TO THE FACTS OF THIS CASE - DIRECT AND CIRCUMSTANTIAL EVIDENCE.

DIRECT EVIDENCE IS WHERE A WITNESS TESTIFIES TO WHAT HE SAW, HEARD, OR OBSERVED.   IN OTHER WORDS, WHEN A WITNESS TESTIFIES ABOUT WHAT IS KNOWN TO HIM OF HIS OWN KNOWLEDGE BY VIRTUE OF HIS OWN SENSES --  WHAT HE SEES, FEELS, TOUCHES, OR HEARS -- THAT IS CALLED DIRECT EVIDENCE.

CIRCUMSTANTIAL EVIDENCE SIMPLY MEANS DRAWING A LOGICAL CONCLUSION OR INFERENCE FROM OTHER CONNECTED FACTS WHICH ARE SHOWN BY DIRECT EVIDENCE.   THIS IS A FAMILIAR PROCESS IN YOUR DAILY LIVES.   WE ALL DRAW LOGICAL CONCLUSIONS FROM OTHER FACTS WHICH WE KNOW.   IN THIS AREA, WE HAVE A GOOD EXAMPLE OF CIRCUMSTANTIAL EVIDENCE.   WE SOMETIMES GO TO BED AT NIGHT AND JUST BEFORE WE DO, WE LOOK OUT OF OUR WINDOW AND SEE THAT OUR LAWNS ARE GREEN AND CLEAR OF SNOW.   THEN WE GET UP IN THE MORNING, LOOK OUT THE WINDOW, AND IT'S NOT SNOWING BUT OUR LAWNS ARE COVERED WITH SNOW.   FROM THAT WE CONCLUDE THAT DURING THE NIGHT IT SNOWED.   ALTHOUGH WE DID NOT SEE IT

18

SNOW WE NEVERTHELESS CONCLUDE THAT IT DID IN FACT SNOW JUST AS IF WE HAD SEEN IT SNOW.

THAT IS ALL THERE IS TO CIRCUMSTANTIAL EVIDENCE.   YOU INFER ON THE BASIS OF REASON AND EXPERIENCE AND COMMON SENSE FROM AN ESTABLISHED FACT THE EXISTENCE OR THE NONEXISTENCE OF SOME OTHER FACT.   WE ALL USE THIS PROCESS IN OUR EVERYDAY LIVES.   WE DRAW CONCLUSIONS BASED UPON COMMON SENSE AND EXPERIENCE AND FROM OTHER CONNECTED FACTS AND THE PROCESS HERE IN THE COURTROOM IS NO DIFFERENT.

CIRCUMSTANTIAL EVIDENCE IS OF NO LESS VALUE THAN DIRECT EVIDENCE; NOR IS A GREATER DEGREE OF CERTAINTY REQUIRED OF CIRCUMSTANTIAL EVIDENCE THAN OF DIRECT EVIDENCE.   IT IS A GENERAL RULE THAT THE LAW MAKES NO DISTINCTION BETWEEN DIRECT AND CIRCUMSTANTIAL EVIDENCE, BUT SIMPLY REQUIRES THAT BEFORE CONVICTING THE DEFENDANT, THE JURY MUST BE SATISFIED OF THE DEFENDANT'S GUILT BEYOND A REASONABLE DOUBT FROM ALL OF THE EVIDENCE IN THE CASE.

---

Adapted from Sand, Instruction No. 5-2; Devitt and Blackmar, § 12.04.

19

## REQUESTED INSTRUCTION NO. 11

## TESTIMONY, EXHIBITS, STIPULATIONS, AND JUDICIAL NOTICE IN GENERAL

THE EVIDENCE IN THIS CASE CONSISTS OF THE SWORN TESTIMONY OF THE WITNESSES, THE EXHIBITS RECEIVED IN EVIDENCE, STIPULATIONS, AND JUDICIALLY NOTICED FACTS.

EXHIBITS WHICH HAVE BEEN MARKED FOR IDENTIFICATION BUT NOT RECEIVED MAY NOT BE CONSIDERED BY YOU AS EVIDENCE.   ONLY THOSE EXHIBITS RECEIVED MAY BE CONSIDERED AS EVIDENCE.

SIMILARLY, YOU ARE TO DISREGARD ANY TESTIMONY I HAVE ORDERED TO BE STRICKEN.   AS I INDICATED BEFORE, ONLY THE WITNESS' ANSWERS ARE EVIDENCE AND YOU ARE NOT TO CONSIDER A QUESTION AS EVIDENCE.   SIMILARLY, STATEMENTS BY COUNSEL OR A PERSON ACTING IN THAT CAPACITY IS NOT EVIDENCE.

YOU SHOULD CONSIDER THE EVIDENCE IN LIGHT OF YOUR OWN COMMON SENSE AND EXPERIENCE, AND YOU MAY DRAW REASONABLE INFERENCES FROM THE EVIDENCE.

ANYTHING YOU MAY HAVE SEEN OR HEARD ABOUT THIS CASE OUTSIDE THE COURTROOM IS NOT EVIDENCE AND MUST BE ENTIRELY DISREGARDED.

_____

Sand, Instruction No. 5-4.

## REQUESTED INSTRUCTION NO. 12

## QUESTIONS

LET ME EMPHASIZE THAT A QUESTION IS NOT EVIDENCE.  AT TIMES, A LAWYER OR A PERSON ACTING IN THAT CAPACITY ON CROSS-EXAMINATION MAY HAVE INCORPORATED INTO A QUESTION A STATEMENT WHICH ASSUMED CERTAIN FACTS TO BE TRUE AND ASKED THE WITNESS IF THE STATEMENT WAS TRUE.  IF THE WITNESS DENIES THE TRUTH OF A STATEMENT, AND IF THERE IS NO EVIDENCE IN THE RECORD PROVING THAT THE ASSUMED FACT IS TRUE, THEN YOU MAY NOT CONSIDER THE FACT TO BE TRUE SIMPLY BECAUSE IT WAS CONTAINED IN THE QUESTION.

THE FAMOUS EXAMPLE OF THIS IS THE QUESTION OF A MARRIED WITNESS:  "WHEN DID YOU STOP BEATING YOUR WIFE?"  YOU WOULD NOT BE PERMITTED TO CONSIDER AS TRUE THE ASSUMED FACT THAT HE EVER BEAT HIS WIFE, UNLESS THE WITNESS HIMSELF INDICATED HE HAD, OR UNLESS THERE IS SOME OTHER EVIDENCE IN THE RECORD THAT HE HAD BEATEN HIS WIFE.

IN SHORT, QUESTIONS ARE NOT EVIDENCE; ANSWERS ARE.

_____

Sand, Instruction No. 5-3.

21

## REQUESTED INSTRUCTION NO. 13

## EXPERT WITNESS (GENERALLY)

YOU HAVE HEARD TESTIMONY FROM FORENSIC AND LAW ENFORCEMENT EXPERTS.   AN EXPERT IS ALLOWED TO EXPRESS HIS OR HER OPINION ON THOSE MATTERS ABOUT WHICH HE OR SHE HAS SPECIAL KNOWLEDGE AND TRAINING.   EXPERT TESTIMONY IS PRESENTED TO YOU ON THE THEORY THAT SOMEONE WHO IS EXPERIENCED IN THE FIELD CAN ASSIST YOU IN UNDERSTANDING THE EVIDENCE OR IN REACHING AN INDEPENDENT DECISION ON THE FACTS.

IN WEIGHING THE EXPERT'S TESTIMONY, YOU MAY CONSIDER THE EXPERT'S QUALIFICATIONS, HIS OR HER OPINIONS, HIS OR HER REASONS FOR TESTIFYING, AS WELL AS ALL OF THE OTHER CONSIDERATIONS THAT ORDINARILY APPLY WHEN YOU ARE DECIDING WHETHER OR NOT TO BELIEVE A WITNESS' TESTIMONY.   YOU MAY GIVE THE EXPERT TESTIMONY WHATEVER WEIGHT, IF ANY, YOU FIND IT DESERVES IN LIGHT OF ALL THE EVIDENCE IN THIS CASE.   YOU SHOULD NOT, HOWEVER, ACCEPT THIS WITNESS' TESTIMONY MERELY BECAUSE HE OR SHE IS AN EXPERT.   NOR SHOULD YOU SUBSTITUTE IT FOR YOUR OWN REASON, JUDGMENT, AND COMMON SENSE.   THE DETERMINATION OF THE FACTS IN THIS CASE RESTS SOLELY WITH YOU.

---

Sand, Instruction No. 7-21.

## REQUESTED INSTRUCTION NO. 14

## CREDIBILITY OF WITNESSES - DISCREPANCIES IN TESTIMONY

YOU, AS JURORS, ARE THE SOLE AND EXCLUSIVE JUDGES OF THE CREDIBILITY OF EACH OF THE WITNESSES CALLED TO TESTIFY IN THIS CASE AND ONLY YOU DETERMINE THE IMPORTANCE OR THE WEIGHT THAT THEIR TESTIMONY DESERVES.   AFTER MAKING YOUR ASSESSMENT CONCERNING THE CREDIBILITY OF A WITNESS, YOU MAY DECIDE TO BELIEVE ALL OF THAT WITNESS' TESTIMONY, ONLY A PORTION OF IT, OR NONE OF IT.

IN MAKING YOUR ASSESSMENT, YOU SHOULD CAREFULLY SCRUTINIZE ALL THE TESTIMONY GIVEN, THE CIRCUMSTANCES UNDER WHICH EACH WITNESS HAS TESTIFIED, AND EVERY MATTER IN EVIDENCE WHICH TENDS TO SHOW WHETHER A WITNESS IN YOUR OPINION IS WORTHY OF BELIEF.   CONSIDER EACH WITNESS' INTELLIGENCE, MOTIVE, AND STATE OF MIND, AND APPEARANCE AND MANNER WHILE ON THE WITNESS STAND.   CONSIDER THE WITNESS' ABILITY TO OBSERVE THE MATTERS AS TO WHICH HE OR SHE HAS TESTIFIED, AND WHETHER HE OR SHE IMPRESSES YOU AS HAVING AN ACCURATE MEMORY OR RECOLLECTION OF THESE MATTERS.   CONSIDER ALSO ANY RELATION EACH WITNESS MAY BEAR TO EITHER SIDE OF THE CASE; THE MANNER IN WHICH EACH WITNESS MIGHT BE AFFECTED BY THE VERDICT; AND THE

EXTENT TO WHICH, IF AT ALL, EACH WITNESS IS EITHER SUPPORTED OR CONTRADICTED BY OTHER EVIDENCE IN THE CASE.

INCONSISTENCIES OR DISCREPANCIES IN THE TESTIMONY OF A WITNESS, OR BETWEEN THE TESTIMONY OF DIFFERENT WITNESSES, MAY OR MAY NOT CAUSE YOU TO DISBELIEVE OR DISCREDIT SUCH TESTIMONY.  TWO OR MORE PERSONS WITNESSING AN INCIDENT OR A TRANSACTION MAY SEE OR HEAR IT DIFFERENTLY. INNOCENT MISRECOLLECTION, LIKE FAILURE OF RECOLLECTION, IS NOT AN UNCOMMON EXPERIENCE. IN WEIGHING THE EFFECT OF A DISCREPANCY, ALWAYS CONSIDER WHETHER IT PERTAINS TO A MATTER OF IMPORTANCE OR AN INSIGNIFICANT DETAIL, AND CONSIDER WHETHER THE DISCREPANCY RESULTS FROM INNOCENT ERROR OR INTENTIONAL FALSEHOOD.

AFTER MAKING YOUR OWN JUDGMENT, YOU WILL GIVE THE TESTIMONY OF EACH WITNESS SUCH CREDIBILITY, IF ANY, AS YOU THINK IT DESERVES.

---

Devitt and Blackmar, §15.01 (edited last paragraph).

## REQUESTED INSTRUCTION NO. 15

## GOVERNMENT WITNESS -- NOT PROPER TO CONSIDER GUILTY PLEA

YOU HAVE HEARD TESTIMONY FROM   GOVERNMENT WITNESSES
WHO PLED GUILTY TO CHARGES ARISING OUT OF THE SAME FACTS AS
THIS CASE.   YOU ARE INSTRUCTED THAT YOU ARE TO DRAW NO
CONCLUSIONS OR INFERENCES OF ANY KIND ABOUT THE GUILT OF THE
DEFENDANT ON TRIAL FROM THE FACT THAT PROSECUTION WITNESSES
PLED GUILTY TO SIMILAR CHARGES.   THE DECISION OF THOSE
WITNESSES TO PLEAD GUILTY WAS A PERSONAL DECISION ABOUT HIS OR
HER OWN GUILT.   IT MAY NOT BE USED BY YOU IN ANY WAY AS
EVIDENCE AGAINST OR UNFAVORABLE TO THE DEFENDANTS ON TRIAL
HERE.

Sand, Instruction No. 7-10

## REQUESTED INSTRUCTION NO. 16

## DEFENDANT'S TESTIMONY (IF APPLICABLE)

DURING THE TRIAL, THE DEFENDANT TESTIFIED.   A DEFENDANT WHO WISHES TO TESTIFY IS A COMPETENT WITNESS, AND HIS TESTIMONY SHOULD NOT BE DISBELIEVED MERELY BECAUSE HE IS A DEFENDANT. HOWEVER, IN WEIGHING HIS TESTIMONY, YOU SHOULD CONSIDER THE FACT THAT A DEFENDANT HAS A VITAL INTEREST IN THE OUTCOME OF HIS TRIAL -- AN INTEREST THAT IS POSSESSED BY NO OTHER WITNESS. THIS IS A MATTER THAT SERIOUSLY MAY AFFECT THE WEIGHT AND CREDIBILITY TO BE GIVEN A DEFENDANT'S TESTIMONY.

------

Adapted from United States v. Van Drunen, 501 F.2d 1393, 1395 (7th Cir.), cert. denied, 419 U.S. 1091 (1974); Black v. United States, 309 F.2d 331, 342-43 (8th Cir.), cert. denied, 372 U.S. 934 (1962); Stapleton v. United States, 260 F.2d 415, 420 (9th Cir. 1958).

**<u>REQUESTED INSTRUCTION NO. 17</u>**

**<u>IMPEACHMENT OF DEFENDANT</u>**
**(IF APPLICABLE)**

AS I INSTRUCTED YOU EARLIER, THE DEFENDANT IN A CRIMINAL CASE NEVER HAS ANY DUTY OR OBLIGATION TO TESTIFY OR COME FORWARD WITH ANY EVIDENCE.   THIS IS BECAUSE THE BURDEN OF PROOF BEYOND A REASONABLE DOUBT REMAINS ON THE GOVERNMENT AT ALL TIMES, AND THE DEFENDANT IS PRESUMED INNOCENT.

IN THIS CASE THE DEFENDANT SHAEEM GRADY DID TESTIFY AND HE WAS SUBJECT TO CROSS-EXAMINATION, LIKE ANY OTHER WITNESS. YOU LEARNED DURING DEFENDANT'S TESTIMONY THAT THE DEFENDANT WAS PREVIOUSLY CONVICTED OF A CRIME.   THIS PRIOR CONVICTION WAS RECEIVED INTO EVIDENCE AS A NECESSARY ELEMENT OF THE OFFENSE FOR COUNT THREE AND FOR THE ADDITIONAL PURPOSE OF HELPING YOU TO DECIDE HOW MUCH OF HIS TESTIMONY TO BELIEVE AND WHAT WEIGHT, IF ANY, TO GIVE IT.

_____

Sand, Instruction No. 7-13

## <u>REQUESTED INSTRUCTION NO. 18</u>

## <u>DEFENDANT'S CONVICTION OF A FELONY</u>
### (IF APPLICABLE)

EVIDENCE THAT THE DEFENDANT HAS BEEN CONVICTED OF A FELONY IS ONE OF THE CIRCUMSTANCES WHICH YOU MAY CONSIDER IN DETERMINING THE CREDIBILITY OF THE DEFENDANT AS A WITNESS. EVIDENCE OF SUCH AN EARLIER CONVICTION, HOWEVER, MUST NEVER BE CONSIDERED BY YOU AS EVIDENCE OF ANY KIND OF THE GUILT OF THE CRIME FOR WHICH THE DEFENDANT IS NOW ON TRIAL. YOU ARE SPECIFICALLY FORBIDDEN TO USE THIS KIND OF EVIDENCE FOR THAT PURPOSE. IN OTHER WORDS, YOU MAY NOT USE EVIDENCE OF THE EARLIER CONVICTION IN DETERMINING WHETHER OR NOT THE DEFENDANT COMMITTED THE CRIME CHARGED IN THE INDICTMENT.

1A Fed. Jury Prac. & Instr. § 15:08 (6th ed.), 1A Fed. Jury Prac. & Instr. § 15:08 (6th ed.)

## REQUESTED INSTRUCTION NO. 19

## IMPEACHMENT OF WITNESSES
### (IF APPLICABLE)

THE TESTIMONY OF A WITNESS MAY BE DISCREDITED OR, AS WE SOMETIMES SAY, IMPEACHED BY SHOWING THAT HE OR SHE PREVIOUSLY MADE STATEMENTS WHICH ARE DIFFERENT THAN OR INCONSISTENT WITH HIS OR HER TESTIMONY HERE IN COURT.   THE EARLIER INCONSISTENT OR CONTRADICTORY STATEMENTS ARE ADMISSIBLE ONLY TO DISCREDIT OR IMPEACH THE CREDIBILITY OF THE WITNESS AND NOT TO ESTABLISH THE TRUTH OF THESE EARLIER STATEMENTS MADE SOMEWHERE OTHER THAN HERE DURING THIS TRIAL.   IT IS THE PROVINCE OF THE JURY TO DETERMINE THE CREDIBILITY OF A WITNESS WHO HAS MADE PRIOR INCONSISTENT OR CONTRADICTORY STATEMENTS.

**REQUESTED INSTRUCTION NO. 20**

**INDICTMENT IS NOT EVIDENCE**

WITH THESE PRELIMINARY INSTRUCTIONS IN MIND, LET US TURN TO THE CHARGES AGAINST THE DEFENDANT, AS CONTAINED IN THE SUPERSEDING INDICTMENT.   I REMIND YOU THAT AN INDICTMENT ITSELF IS NOT EVIDENCE.   IT MERELY DESCRIBES THE CHARGE MADE AGAINST THE DEFENDANT.   IT IS AN ACCUSATION.   IT MAY NOT BE CONSIDERED BY YOU AS ANY EVIDENCE OF THE GUILT OF THE DEFENDANT.

IN   REACHING   YOUR   DETERMINATION   OF   WHETHER   THE GOVERNMENT HAS PROVED THE DEFENDANT GUILTY BEYOND A REASONABLE DOUBT, YOU MAY CONSIDER ONLY THE EVIDENCE INTRODUCED OR LACK OF EVIDENCE.

---

Sand, Instruction No. 3-1.

<u>REQUESTED INSTRUCTION NO. 21</u>

<u>THE CHARGES</u>

THE INDICTMENT IN THIS CASE CONTAINS TWO (2) CHARGES OR COUNTS.

THE INDICTMENT READS AS FOLLOWS:

<u>COUNT ONE:</u>

BETWEEN ON OR ABOUT JANUARY 13 AND 14, 2013, IN ALBANY COUNTY IN THE NORTHERN DISTRICT OF NEW YORK, THE DEFENDANT, SHAKIR MICHAEL, HAVING BEEN CONVICTED OF A CRIME PUNISHABLE BY A TERM OF IMPRISONMENT EXCEEDING ONE YEAR, DID KNOWINGLY POSSESS IN AND AFFECTING COMMERCE A FIREARM AND AMMUNITION, THAT IS, A MOSSBERG 12 GAUGE SHOTGUN, BEARING SERIAL NUMBER MV68822M LOADED WITH SEVEN (7) ROUNDS OF REMINGTON EXPRESS 00-BUCKSHOT AMMUNITION, IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTIONS 922(g)(1) AND 924(a)(2).

**<u>COUNT TWO:</u>**

**ON OR ABOUT JANUARY 13, 2013, IN ALBANY COUNTY IN THE NORTHERN DISTRICT OF NEW YORK, THE DEFENDANT, SHAKIR MICHAEL, IN FURTHERANCE OF A DRUG TRAFFICKING CRIME FOR WHICH HE MAY BE PROSECUTED IN A COURT OF THE UNITED STATES, THAT IS, A VIOLATION OF TITLE 21, UNITED STATES CODE, SECTION 841(A)(1), POSSESSED A FIRERM, THAT IS, A MOSSBERG 12 GAUGE SHOTGUN, BEARING SERIAL NUMBER MV68822M, IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTION 924(c)(1)(A).**

THE DEFENDANT HAS DENIED THAT HE IS GUILTY OF THESE CHARGES AND BY THIS DENIAL HAS PUT IN ISSUE EVERY ELEMENT WHICH THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT.

## REQUESTED INSTRUCTION NO. 22

## POSSESSION OF A FIREARM OR AMMUNITION BY A CONVICTED FELON (18 U.S.C. § 922(G)(1))—THE STATUTE

THE RELEVANT STATUTE ON THIS SUBJECT IS TITLE 18, UNITED STATES CODE, SECTION 922(g), WHICH PROVIDES:

**IT SHALL BE UNLAWFUL FOR ANY PERSON WHO HAS BEEN CONVICTED IN ANY COURT OF A CRIME PUNISHABLE BY IMPRISONMENT FOR A TERM EXCEEDING ONE YEAR...TO SHIP OR TRANSPORT IN INTERSTATE OR FOREIGN COMMERCE, OR POSSESS IN OR AFFECTING COMMERCE, ANY FIREARM OR AMMUNITION; OR TO RECEIVE ANY FIREARM OR AMMUNITION WHICH HAS BEEN SHIPPED OR TRANSPORTED IN INTERSTATE OR FOREIGN COMMERCE.**

## REQUESTED JURY INSTRUCTION NO. 23

## POSSESSION OF A FIREARM OR AMMUNITION BY A CONVICTED FELON—PURPOSE OF THE STATUTE

CONGRESS WAS OF THE VIEW THAT THE EASE WITH WHICH PERSONS, INCLUDING CRIMINALS, WERE ABLE TO ACQUIRE FIREARMS AND AMMUNITION WAS A SIGNIFICANT FACTOR IN THE PREVALENCE OF VIOLENT CRIME IN THE UNITED STATES, AND THAT RESTRICTIONS ON THE POSSESSION OF FIREARMS AND AMMUNITION BY CERTAIN CATEGORIES OF PEOPLE WOULD BE HELPFUL TO STATE AND LOCAL AUTHORITIES IN MEETING THIS PROBLEM.

ACCORDINGLY, IT PASSED A SERIES OF LAWS DESIGNED AT GIVING SUPPORT TO FEDERAL, STATE, AND LOCAL LAW ENFORCEMENT OFFICIALS IN COMBATING CRIME AND VIOLENCE.

IN YOUR ROLE AS JURORS, YOU ARE NOT TO BE CONCERNED WITH THE WISDOM OR THE POLICY OF THOSE LAWS.   IF IN FACT A VIOLATION HAS OCCURRED, THE LAW SHOULD BE ENFORCED.

IN GENERAL, THESE LAWS INCLUDE PROVISIONS WHICH PROHIBIT CERTAIN CATEGORIES OF PEOPLE FROM POSSESSING OR RECEIVING FIREARMS OR AMMUNITION WHICH WERE SHIPPED IN INTERSTATE COMMERCE.

THE GOVERNMENT CONTENDS THAT THE DEFENDANT WAS WITHIN THE CLASS OF PEOPLE PROHIBITED FROM POSSESSING FIREARMS OR AMMUNITION SHIPPED IN INTERSTATE COMMERCE BECAUSE HE HAD BEEN CONVICTED OF A CRIME PUNISHABLE BY MORE THAN ONE YEAR IN JAIL, THAT IS, A FELONY OFFENSE.

_____

Adapted from the charge of Judge Weinfeld in United States v. Squires, 69 Cr. 911 (S.D.N.Y. 1969).

**REQUESTED JURY INSTRUCTION NO. 24**

**POSSESSION OF A FIREARM OR AMMUNITION BY A
CONVICTED FELON—ELEMENTS OF THE OFFENSE**

THE GOVERNMENT MUST PROVE <u>EACH</u> OF THE FOLLOWING

ELEMENTS BEYOND A REASONABLE DOUBT IN ORDER TO SUSTAIN ITS

BURDEN OF PROVING THE DEFENDANT GUILTY OF **COUNT ONE**:

**FIRST,** THAT THE DEFENDANT WAS CONVICTED, IN ANY COURT, OF A

CRIME PUNISHABLE BY IMPRISONMENT FOR A TERM EXCEEDING ONE

YEAR, AS CHARGED;

**SECOND,** THAT THE DEFENDANT KNOWINGLY POSSESSED THE FIREARM

OR AMMUNITION, AS CHARGED; AND

**THIRD,** THAT THE POSSESSION CHARGED WAS IN OR AFFECTING

INTERSTATE COMMERCE.

**REQUESTED JURY INSTRUCTION NO. 25**

**FIRST ELEMENT— DEFENDANT'S PRIOR CONVICTION**


THE FIRST ELEMENT THE GOVERNMENT MUST PROVE BEYOND A

REASONABLE DOUBT BEFORE YOU CAN CONVICT IS THAT BEFORE THE

DATE THE DEFENDANT IS CHARGED WITH POSSESSING THE FIREARM OR

AMMUNITION, THE DEFENDANT HAD BEEN CONVICTED OF A CRIME

PUNISHABLE BY IMPRISONMENT FOR A TERM EXCEEDING ONE YEAR,

THAT IS, A FELONY OFFENSE.

HERE, THE PARTIES AGREE, THAT IS, THEY HAVE ENTERED INTO AN

AGREED UPON STIPULATION THAT THIS ELEMENT HAS BEEN MET, THAT

IS, THAT PRIOR TO THE DEFENDANT'S ALLEGED POSSSESSION OF THE

FIREARM IN COUNT ONE, THAT THE DEFENDANT WAS PREVIOUSLY

CONVICTED OF A CRIME PUNISHABLE BY IMPRISONMENT FOR A TERM

EXCEEDING ONE YEAR, THAT IS, A FELONY.   THEREFORE, THE

GOVERNMENT NEED NOT OFFER PROOF OF THIS ELEMENT, AND YOU

SHOULD CONSIDER THAT THIS ELEMENT HAS BEEN PROVEN BY THE

GOVERNMENT.

I INSTRUCT YOU THAT THE PRIOR CONVICTION THAT IS AN

ELEMENT OF THE CHARGE HERE IS ONLY TO BE CONSIDERED BY YOU FOR

THE FACT THAT IT EXISTS, AND FOR NOTHING ELSE.   YOU ARE NOT TO

38

CONSIDER IT FOR ANY OTHER PURPOSE.   YOU ARE NOT TO SPECULATE

AS TO WHAT IT WAS FOR.   YOU MAY NOT CONSIDER THE PRIOR

CONVICTION IN DECIDING WHETHER IT IS MORE LIKELY THAN NOT THAT

THE DEFENDANT WAS IN KNOWING POSSESSION OF THE GUN OR

AMMUNITION THAT IS CHARGED IN THIS CASE.

## REQUESTED JURY INSTRUCTION NO. 26

## SECOND ELEMENT—POSSESSION OF FIREARM OR AMMUNITION

THE SECOND ELEMENT WHICH THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT IS THAT ON OR ABOUT THE DATE SET FORTH IN THE INDICTMENT THE DEFENDANT KNOWINGLY POSSESSED A FIREARM OR AMMUNITION.

A FIREARM IS ANY WEAPON WHICH WILL OR IS DESIGNED TO OR MAY BE READILY CONVERTED TO EXPEL A PROJECTILE BY THE ACTION OF AN EXPLOSIVE.

THE TERM "AMMUNITION" MEANS AMMUNITION OR CARTRIDGE CASES, PRIMERS, BULLETS, OR PROPELLENT POWDER DESIGNED FOR USE IN ANY FIREARM.

TO POSSESS MEANS TO HAVE SOMETHING WITHIN A PERSON'S CONTROL.   THIS DOES NOT NECESSARILY MEAN THAT THE DEFENDANT MUST HOLD IT PHYSICALLY, THAT IS, HAVE ACTUAL POSSESSION OF IT. AS LONG AS THE FIREARM OR AMMUNITION IS WITHIN THE DEFENDANT'S CONTROL, HE POSSESSES IT.   IF YOU FIND THAT THE DEFENDANT EITHER HAD ACTUAL POSSESSION OF THE FIREARM OR AMMUNITION, OR THAT HE HAD POWER AND INTENTION TO EXERCISE CONTROL OVER IT, EVEN

THOUGH IT WAS NOT IN HIS PHYSICAL POSSESSION, YOU MAY FIND THAT

THE GOVERNMENT HAS PROVEN POSSESSION.

POSSESSION CAN BE EITHER ACTUAL OR CONSTRUCTIVE.   ACTUAL

POSSESSION EXISTS WHEN THE DEFENDANT IS IN IMMEDIATE POSSESSION

OR CONTROL OF THE OBJECT.   CONSTRUCTIVE POSSESSION EXISTS WHEN

THE DEFENDANT DOES NOT HAVE ACTUAL POSSESSION, BUT INSTEAD

KNOWINGLY HAS THE POWER AND INTENTION AT A GIVEN TIME TO

EXERCISE DOMINION AND CONTROL OVER AN OBJECT, EITHER DIRECTLY

OR THROUGH OTHERS, OR HAS DOMINION AND CONTROL OVER THE

PREMESIS WHERE THE OBJECT WAS FOUND.   UNDER CONSTRUCTIVE

POSSESSION AN INDIVIDUAL CAN POSSESS A FIREARM OR AMMUNITION

WITHIN THE MEANING OF THE STATUTE WITHOUT EVER PHYSICALLY

HANDLING THE FIREARM OR AUMMINITION.

MOREOVER, POSSESSION NEED NOT BE EXCLUSIVE.   THE LAW ALSO

RECOGNIZES THAT POSSESSION MAY BE SOLE OR JOINT.   IF ONE PERSON

ALONE POSSESSES A FIREARM OR AMMUNITION, THAT IS SOLE

POSSESSION.   HOWEVER, IT IS POSSIBLE THAT MORE THAN ONE PERSON

MAY HAVE THE POWER AND INTENTION TO EXERCISE CONTROL OVER

THE FIREARM OR AMMUNITION.   THIS IS CALLED JOINT POSSESSION.   IF

YOU FIND THAT THE DEFENDANT HAD SUCH POWER AND INTENTION,

THEN HE POSSESSED THE FIREARM OR AMMUNITION UNDER THIS

41

ELEMENT EVEN IF HE POSSESSED IT JOINTLY WITH ANOTHER.   PROOF OF

OWNERSHIP OF THE FIREARM OR AMMUNITION IS NOT REQUIRED.

TO SATISFY THIS ELEMENT, YOU MUST ALSO FIND THAT THE

DEFENDANT KNOWINGLY POSSESSED THE FIREARM OR AMMUMITION.

THIS MEANS THAT HE POSSESSED THE FIREARM OR AMMUNITION

PURPOSELY AND VOLUNTARILY, AND NOT BY ACCIDENT OR MISTAKE.   IT

ALSO MEANS THAT HE KNEW THAT THE WEAPON WAS A FIREARM AND/OR

THAT THE AMMUNITION WAS AMMUNITION, AS WE COMMONLY USE

THOSE WORDS.   HOWEVER, THE GOVERNMENT IS NOT REQUIRED TO

PROVE THAT THE DEFENDANT KNEW THAT HE WAS BREAKING THE LAW.

**REQUESTED JURY INSTRUCTION NO. 27**

**THIRD ELEMENT— IN OR AFFECTING COMMERCE**

THE THIRD ELEMENT THAT THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT IS THAT THE FIREARM OR AMMUNITION THE DEFENDANT IS CHARGED WITH POSSESSING WAS IN OR AFFECTING COMMERCE.

THE TERM "IN OR AFFECTING COMMERCE" SIMPLY MEANS THAT THE FIREARM AND AMMUNITION MUST HAVE HAD SOME MINIMAL LINK TO INTERSTATE COMMERCE.

IT IS SUFFICIENT FOR THE GOVERNMENT TO SATISFY THIS ELEMENT BY PROVING THAT AT ANY TIME PRIOR TO THE DATE CHARGED IN THE INDICTMENT, THE FIREARM AND AMMUNTION CROSSED A STATE LINE. THUS, IF IT IS ESTABLISHED THAT THE FIREARM AND AMMUNITION IN COUNT 1 WAS PREVIOUSLY IN A STATE OTHER THAN NEW YORK AND WAS THEN POSSESSED BY THE DEFENDANT IN NEW YORK, THEN YOU MAY INFER THAT THIS ELEMENT HAS BEEN SATISIFED.

IT IS NOT NECESSARY THAT THE GOVERNMENT PROVE THAT THE DEFENDANT HIMSELF CARRIED THE FIREARM OR AMMUNITION ACROSS A STATE LINE, NOR MUST THE GOVERNMENT PROVE WHO CARRIED THEM ACROSS OR HOW THEY WERE TRANSPORTED.   IT IS ALSO NOT

43

NECESSARY FOR THE GOVERNMENT TO PROVE THAT THE DEFENDANT

KNEW THAT THE FIREARM AND AMMUNITION HAD PREVIOUSLY

TRAVELED IN INTERSTATE COMMERCE.   IT IS ENOUGH THAT THE

FIREARM AND AMMUNITION WERE MANUFACTURED IN A STATE OTHER

THAN NEW YORK AT A TIME BEFORE THE DEFENDANT IS ALLEGED TO

HAVE POSSESSED THE FIREARM AND AMMUNTIION IN NEW YORK.

        IN THIS REGARD, THERE HAS BEEN EVIDENCE THAT THE FIREARM

AND AMMUNITION IN QUESTION WERE MANUFACTURED IN A DIFFERENT

STATE, OTHER THAN THE STATE WHERE THE DEFENDANT IS CHARGED

WITH POSSESSING THEM.   YOU ARE PERMITTED TO INFER FROM THIS

FACT THAT THE FIREARM AND AMMUNTION TRAVELED IN INTERSTATE

COMMERCE; HOWEVER, YOU ARE NOT REQUIRED TO DO SO.

## REQUESTED INSTRUCTION NO. 28

## KNOWLEDGE, WILLFULNESS, AND INTENT

KNOWLEDGE, WILLFULNESS AND INTENT INVOLVE THE STATE OF A PERSON'S MIND.   IT HAS OFTEN BEEN SAID TO JURIES THAT THE STATE OF ONE'S MIND IS A FACT AS MUCH AS THE STATE OF HIS DIGESTION. ACCORDINGLY, THIS IS A FACT YOU ARE CALLED UPON TO DECIDE.

MEDICAL SCIENCE HAS NOT YET DEVISED AN INSTRUMENT WHICH CAN RECORD WHAT WAS IN ONE'S MIND IN THE DISTANT PAST.   RARELY IS DIRECT PROOF AVAILABLE TO ESTABLISH THE STATE OF ONE'S MIND. THE STATE OF ONE'S MIND MAY BE INFERRED FROM WHAT HE SAYS OR DOES:   HIS WORDS, HIS ACTIONS, AND HIS CONDUCT, AS OF THE TIME OF THE OCCURRENCE OF CERTAIN EVENTS.

THE INTENT WITH WHICH AN ACT IS DONE IS OFTEN MORE CLEARLY AND CONCLUSIVELY SHOWN BY THE ACT ITSELF, OR BY A SERIES OF ACTS, THAN BY WORDS OR EXPLANATIONS OF THE ACT UTTERED LONG AFTER ITS OCCURRENCE.   ACCORDINGLY, INTENT, WILLFULNESS AND KNOWLEDGE MAY BE USUALLY ESTABLISHED BY SURROUNDING FACTS AND CIRCUMSTANCES AS OF THE TIME THE ACTS IN QUESTION OCCURRED, OR THE EVENTS TOOK PLACE, AND THE REASONABLE INFERENCES TO BE DRAWN FROM THEM.

Sand, Instruction No. 6-17.

## REQUESTED INSTRUCTION NO. 29

## KNOWINGLY

YOU HAVE BEEN INSTRUCTED THAT IN ORDER TO SUSTAIN ITS BURDEN OF PROOF, THE GOVERNMENT MUST PROVE THAT THE DEFENDANT ACTED KNOWINGLY.   A PERSON ACTS KNOWINGLY IF HE ACTS INTENTIONALLY AND VOLUNTARILY, AND NOT BECAUSE OF IGNORANCE, MISTAKE, ACCIDENT, OR CARELESSNESS.   WHETHER THE DEFENDANT ACTED KNOWINGLY MAY BE PROVEN BY THE DEFENDANT'S CONDUCT AND BY ALL OF THE FACTS AND CIRCUMSTANCES SURROUNDING THE CASE.

Sand, Instruction No. 3A 1.

## REQUESTED INSTRUCTION NO. 30

## INTENTIONALLY

THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT

THAT THE DEFENDANT ACTED INTENTIONALLY.    BEFORE YOU CAN FIND

THAT THE DEFENDANT ACTED INTENTIONALLY, YOU MUST BE SATISFIED

BEYOND A REASONABLE DOUBT THAT THE DEFENDANT ACTED

DELIBERATELY AND PURPOSEFULLY.    THAT IS, THE DEFENDANT'S ACTS

MUST HAVE BEEN THE PRODUCT OF THE DEFENDANT'S CONSCIOUS

OBJECTIVE RATHER THAN THE PRODUCT OF A MISTAKE OR ACCIDENT.


Sand, Instruction No. 3A 4.

**REQUESTED INSTRUCTION NO. 31**

**PROOF OF KNOWLEDGE OR INTENT – RULE 404(b) EVIDENCE**

EVIDENCE THAT AN ACT WAS DONE OR THAT AN OFFENSE WAS COMMITTED BY DEFENDANT AT SOME OTHER TIME IS NOT, OF COURSE, ANY EVIDENCE OR PROOF WHATEVER THAT, AT ANOTHER TIME, THE DEFENDANT PERFORMED A SIMILAR ACT OR COMMITTED A SIMILAR OFFENSE, INCLUDING THE OFFENSE CHARGED IN THIS INDICTMENT. EVIDENCE OF A SIMILAR ACT OR OFFENSE MAY NOT BE CONSIDERED BY THE JURY IN DETERMINING WHETHER DEFENDANT ACTUALLY PERFORMED THE ACT CHARGED IN THIS INDICTMENT.   NOR MAY SUCH EVIDENCE BE CONSIDERED FOR ANY OTHER PURPOSE WHATEVER, UNLESS THE JURY FIRST FINDS BEYOND A REASONABLE DOUBT FROM OTHER EVIDENCE IN THE CASE, STANDING ALONE, THAT DEFENDANT DID THE ACT CHARGED IN THIS INDICTMENT.

IF THE JURY SHOULD FIND BEYOND A REASONABLE DOUBT FROM OTHER EVIDENCE IN THE CASE THAT DEFENDANT DID THE ACT OR ACTS ALLEGED IN THE PARTICULAR COUNT UNDER CONSIDERATION, THE JURY MAY THEN CONSIDER EVIDENCE AS TO AN ALLEGED EARLIER ACT OF A LIKE NATURE IN DETERMINING THE STATE OF MIND OR INTENT WITH

WHICH DEFENDANT ACTUALLY DID THE ACT OR ACTS CHARGED IN THE

PARTICULAR COUNT.

THE DEFENDANT IS NOT ON TRIAL FOR ANY ACTS OR CRIMES NOT

ALLEGED IN THE INDICTMENT. NOR MAY A DEFENDANT BE CONVICTED

OF THE CRIME CHARGED EVEN IF YOU WERE TO FIND THAT COMMITTED

OTHER CRIMES—EVEN CRIMES SIMILAR TO THE ONE CHARGED IN THIS

INDICTMENT.

1A Fed. Jury Prac. & Instr. § 17:08 (6th ed.), 1A Fed. Jury Prac. & Instr. § 17:08 (6th ed.)

## REQUESTED INSTRUCTION NO. 32

## MOTIVE

INTENT AND MOTIVE ARE DIFFERENT CONCEPTS AND SHOULD NEVER BE CONFUSED.

MOTIVE IS WHAT PROMPTS A PERSON TO ACT, OR FAIL TO ACT. INTENT REFERS ONLY TO THE STATE OF MIND WITH WHICH THE ACT IS DONE OR OMITTED.

PERSONAL ADVANCEMENT AND FINANCIAL GAIN ARE TWO WELL-RECOGNIZED MOTIVES FOR MUCH OF HUMAN CONDUCT.   THESE PRAISEWORTHY MOTIVES, HOWEVER, MAY PROMPT ONE PERSON TO VOLUNTARY ACTS OF GOOD, WHILE PROMPTING ANOTHER PERSON TO VOLUNTARY ACTS OF CRIME.

GOOD MOTIVE ALONE IS NEVER A DEFENSE WHERE THE ACT DONE OR COMITTED IS A CRIME.   THE MOTIVE OF THE DEFENDANT IS, THEREFORE, IMMATERIAL EXCEPT INSOFAR AS EVIDENCE OF MOTIVE MAY AID DETERMINATION OF STATE OF MIND OR THE INTENT OF THE DEFENDANT.

PROOF OF MOTIVE IS NOT A NECESSARY ELEMENT OF THE CRIME WITH WHICH THE DEFENDANT IS CHARGED.

PROOF OF MOTIVE DOES NOT ESTABLISH GUILT, NOR DOES WANT OF PROOF OF MOTIVE ESTABLISH THAT THE DEFENDANT IS INNOCENT.

IF THE GUILT OF THE DEFENDANT IS SHOWN BEYOND A

REASONABLE DOUBT, IT IS IMMATERIAL WHAT THE MOTIVE FOR THE

CRIME MAY BE OR WHETHER ANY MOTIVE BE SHOWN, BUT THE PRESENCE

OR ABSENCE OF MOTIVE IS A CIRCUMSTANCE WHICH YOU MAY CONSIDER

AS BEARING ON THE INTENT OF THE DEFENDANT.


Devitt and Blackmar, § 17.06; Sand, Instruction No. 6 18.

## REQUESTED INSTRUCTION NO. 33

## COUNT TWO: POSSESSION OF A FIREARM IN FURTHERANCE OF A DRUG TRAFFICKING CRIME (18 U.S.C. § 924(C)(1)(A))- THE STATUTE

THE INDICTMENT CHARGES THE DEFENDANT WITH THE POSSESSION OF A FIREARM IN FURTHERANCE OF A DRUG TRAFFICKING CRIME.

THE RELEVANT STATUTE ON THIS SUBJECT IS TITLE 18, UNITED STATES CODE SECTION 924(C) WHICH PROVIDES: ANY PERSON WHO, DURING AND IN RELATION TO...A DRUG TRAFFICKING CRIME...FOR WHICH THE PERSON MAY BE PROSECUTED IN A COURT OF THE UNITED STATES...WHO, IN FURTHERANCE OF ANY SUCH CRIME, POSSESSES A FIREARM, SHALL BE GUILTY OF A CRIME.

THERE ARE DIFFERENT WAYS IN WHICH THIS CRIME CAN BE COMMITTED UNDER THIS STATUTE AND IN THIS CASE YOU NEED ONLY CONCERN YOURSELVES WITH ONE OF THOSE WAYS AS IS CHARGED HERE.

AS I HAVE PREVIOUSLY READ, COUNT 2 OF THE INDICTMENT CHARGES:

**ON OR ABOUT JANUARY 13, 2013, IN ALBANY COUNTY IN THE NORTHERN DISTRICT OF NEW YORK, THE DEFENDANT, SHAKIR MICHAEL, IN FURTHERANCE OF A DRUG TRAFFICKING CRIME FOR WHICH HE MAY BE PROSECUTED IN A COURT OF THE UNITED STATES, THAT IS, A VIOLATION OF TITLE 21, UNITED STATES CODE, SECTION 841(A)(1), POSSESSED A FIRERM, THAT IS, A MOSSBERG 12 GAUGE SHOTGUN, BEARING SERIAL NUMBER MV68822M, IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTION 924(c)(1)(A).**

THE DEFENDANT IS CHARGED WITH POSSESSING A FIREARM IN FURTHERANCE OF A DRUG TRAFFICKING CRIME FOR WHICH HE MAY BE PROSECUTED IN A COURT OF THE UNITED STATES.   COUNT 2 ALLEGES THE DRUG TRAFFICKING CRIME THE DEFENDANT IS TO HAVE POSSESSED THE FIREARM IN FURTHERANCE OF, THAT IS, VIOLATION OF TITLE 21, UNITED STATES CODE, SECTION 841(A)(1).

2 35 Modern Federal Jury Instructions Criminal P 35.14

## REQUESTED INSTRUCTION NO. 34

## COUNT TWO: POSSESSION OF A FIREARM IN FURTHERANCE OF A DRUG TRAFFICKING CRIMEB --ELEMENTS OF THE OFFENSE

THE GOVERNMENT MUST PROVE EACH OF THE FOLLOWING ELEMENTS BEYOND A REASONABLE DOUBT TO SUSTAIN ITS BURDEN OF PROVING THE DEFENDANT GUILTY OF COUNT TWO:

**FIRST,** THAT THE DEFENDANT COMMITTED A DRUG TRAFFICKING CRIME FOR WHICH HE MIGHT BE PROSECUTED IN A COURT OF THE UNITED STATES;

**SECOND,** THAT THE DEFENDANT KNOWINGLY POSSESSED A FIREARM IN FURTHERANCE OF THE DRUG TRAFFICKING CRIME ALLEGED IN COUNT 2, THAT IS, DISTRIBUTION OF OR POSSESSION WITH THE INTENT TO DISTRIBUTE A CONTROLLED SUBSTANCE WHICH IS CRIMINALIZED IN 21 U.S.C. § 841(A)(1).

2 35 Modern Federal Jury Instructions Criminal P 35.14

**REQUESTED INSTRUCTION NO. 35**

**COUNT TWO: POSSESSION OF A FIREARM IN FURTHERANCE
OF A DRUG TRAFFICKING CRIME
(LIMITING INSTRUCTION)**

UNDER COUNT TWO, THE DEFENDANT IS CHARGED WITH POSSESSING A FIREARM IN FURTHERANCE OF A DRUG TRAFFICKING CRIME.   IF UPON ALL OF THE EVIDENCE YOU FIND THAT THE GOVERNMENT HAS FAILED TO PROVE THE PREDICATE DRUG TRAFFICKING CRIME, THEN IT FOLLOWS THAT THE DEFENDANT CANNOT POSSESS A FIREARM IN FURTHERANCE OF SUCH DRUG TRAFFICKING CRIME AND YOU WOULD HAVE TO ACQUIT OR FIND THE DEFENDANT NOT GUILTY OF COUNT 2.

AS WITH ANY CHARGE, TO FIND THE DEFENDANT GUILTY YOU WOULD HAVE TO FIND THAT THE GOVERNMENT HAS PROVEN EACH AND EVERY ELEMENT OF THIS OFFENSE BEYOND A REASONABLE DOUBT.   IN REGARDS TO THE FIRST ELEMENT OF THIS CHARGE YOU HAVE TO FIND THAT THE GOVERNMENT HAS PROVEN THE ELEMENTS THAT COMPRISE THE ALLEGED DRUG TRAFFICKING CRIME EVEN THOUGH THAT VIOLATION IS NOT CHARGED IN THE INDICTMENT.

LET ME ADDRESS THIS POINT FURTHER.   THERE IS NO LEGAL REQUIREMENT THAT THE DRUG TRAFFICKING CRIME BE CHARGED IN A

SEPARATE OR SUBSTANTIVE COUNT IN THE INDICTMENT.    WHETHER THE

DRUG TRAFFICKING CRIME IS CHARGED SEPARATELY OR NOT, THE

GOVERNMENT STILL MUST ESTABLISH OR PROVE BEYOND A

REASONABLE DOUBT THE ELEMENTS THAT COMPRISE THE DRUG

TRAFFICKING CRIME ALLEGED IN COUNT TWO.

THAT IS THE FIRST ELEMENT OF THE CRIME CHARGED IN COUNT

TWO OF THE INDICTMENT.

THEREFORE, IT IS NECESSARY THAT I ADDRESS THE ELEMENTS OF

THE DRUG TRAFFICKING CRIME THAT IS ALLEGED IN COUNT 2, THAT IS,

VIOLATION OF TITLE 21 U.S.C. § 841(A)(1).

2 35 Modern Federal Jury Instructions Criminal P 35.14

## REQUESTED INSTRUCTION NO. 36

## DISTRIBUTION AND POSSESSION WITH INTENT TO DISTRIBUTE A CONTROLLED SUBSTANCE (21 U.S.C. § 841)-   THE STATUTE

TITLE 21, UNITED STATES CODE, § 841(A)(1), PROVIDES THAT IT IS A CRIME

**FOR ANY PERSON TO KNOWINGLY OR INTENTIONALLY DISTRIBUTE… OR POSSESS WITH THE INTENT TO DISTRIBUTE… A CONTROLLED SUBSTANCE.**

ACCORDINGLY, THAT CRIME CAN BE COMMITTED IN EITHER OF TWO WAYS.   UNDER THAT STATUTE, IT IS A CRIME IF A PERSON KNOWINGLY AND INTENTIONALLY DISTRIBUTES A CONTROLED SUBSTANCE.

IT IS ALSO A CRIME IF A PERSON KNOWINGLY AND INTENTIONALLY POSSESSES A CONTROLLED SUBSTANCE WITH THE INTENT TO DISTRIBUTE THE CONTROLLED SUBSTANCE.

THE DISTINCTION THERE IS THAT IT IS ALSO A CRIME UNDER THE STATUTE IF A PERSON KNOWINGLY AND INTENTIONALLY POSSESSES A CONTROLLED SUBSTANCE INTENDING TO DISTRIBUTE IT EVEN IF DISTRIBUTION HAS NOT YET OCCURRED OR DOES NOT OCCUR.

<u>**REQUESTED INSTRUCTION NO. 37**</u>

<u>**DISTRIBUTION AND POSSESSION WITH INTENT TO DISTRIBUTE
A CONTROLLED SUBSTANCE--ELEMENTS OF THE OFFENSE**</u>

THERE ARE THREE ELEMENTS OF THE CRIME OF DISTRIBUTION OR

POSSESSION WITH INTENT TO DISTRIBUTE A CONTROLLED SUBSTANCE:

<u>**FIRST,**</u> THAT THE DEFENDANT POSSESSED A CONTROLLED SUBSTANCE;

<u>**SECOND,**</u> THAT THE DEFENDANT KNEW THAT HE POSSESSED A

CONTROLLED SUBSTANCE; AND

<u>**THIRD,**</u> THAT THE DEFENDANT EITHER ACTUALLY DISTRIBUTED THE

CONTROLLED SUBSTANCE OR INTENDED TO DISTRIBUTE THE

CONTROLLED SUBSTANCE.

IN THIS CASE IT IS ALLEGED THAT THE CONTROLLED SUBSTANCE

POSSESSED AND DISTRIBUTED BY THE DEFENDANT, WAS COCAINE BASE,

THAT IS, CRACK COCAINE.

YOU ARE INSTRUCTED THAT COCAINE BASE (CRACK) IS A

COMNTROLLED SUBSTANCE.   THEREFORE, KNOWING AND INTENTIONAL

POSSESSION WITH THE INTENT TO DISTRIBUTE OR DISTRIBUTION OF

COCAINE BASE (CRACK), VIOLATES THE LAW.

THE PHRASE "DRUG TRAFFICKING CRIME" FOR WHICH THE

DEFENDANT MAY BE PROSECUTED IN A COURT OF THE UNITD STATES IS

PRESENTLY DEFINED BY § 924(C)(2) AS INCLUDING "ANY FELONY

PUNISHABLE UNDER THE CONTROLLED SUBSTANCES ACT."

I INSTRUCT YOU THAT THE CRIME OF DISTRIBUTION AND/OR

POSSESSION WITH INTENT TO DISTRIBUTE A CONTROLLED SUBSTANCE,

INCLDUING COCAINE BASE, THAT IS, CRACK COCAINE, IS A DRUG

TRAFFICKING CRIME PUNISHABLE UNDER THE CONTROLLED SUBSTANCES

ACT AND IS PROSECUTABLE IN A COURT OF THE UNITED STATES.

HOWEVER, IT IS FOR YOU TO DETERMINE THAT THE GOVERNMENT

HAS PROVEN THE ELEMENTS THAT COMPRISE THAT CRIME, THAT IS,

EITHER DISTRIBUTION OF CRACK COCAINE OR POSSESSION WITH THE

INTENT TO DISTRIBUTE CRACK COCAINE.

_____
21 U.S.C. §§ 812, 841
2 35 Modern Federal Jury Instructions Criminal P 35.14;
Sand, Instruction No. 56-2

## REQUESTED INSTRUCTION NO. 38

## DISTRIBUTION AND POSSESSION WITH INTENT TO DISTRIBUTE A CONTROLLED SUBSTANCE--FIRST ELEMENT-- POSSESSION OF NARCOTICS

THE FIRST THING YOU MUST DETERMINE IS WHETHER THE

DEFENDANT POSSESSED A CONTROLLED SUBSTANCE, THAT IS , COCAINE

BASE (CRACK).   THE GOVERNMENT MUST PROVE THAT THE MATERIAL

THAT THE DEFENDANT IS CHARGED WITH POSSESSING OR DISTRIBUTING

WAS, IN FACT, COCAINE BASE (CRACK).   THE GOVERNMENT MAY PROVE

THIS THROUGH EITHER DIRECT EVIDENCE OR THROUGH

CIRCUMSTANTIAL EVIDENCE WHICH YOU HAVE PREVIOUSLY BEEN

INSTRUCTED ON.

_____

Sand, Instruction No. 56 3

## REQUESTED INSTRUCTION NO. 39

## DISTRIBUTION AND POSSESSION WITH INTENT TO DISTRIBUTE A CONTROLLED SUBSTANCE--FIRST ELEMENT-- DEFINITION OF POSSESSION

AS I HAVE INSTRUCTED YOU, YOU MUST FIND THAT THE

DEFENDANT "POSSESSED" THE DRUGS.   YOU HAVE PREVIOUSLY BEEN

INSTRUCTED ON POSSESSION WHICH IS ALSO APPLICABLE HERE.

_____

Sand, Instruction No. 56 5

**REQUESTED INSTRUCTION NO. 40**

**DISTRIBUTION AND POSSESSION WITH INTENT TO
DISTRIBUTE A CONTROLLED SUBSTANCE -- SECOND ELEMENT -
KNOWLEDGE THAT THE DRUGS WERE CONTROLLED SUBSTANCES**

THE DEFENDANT'S POSSESSION WITH THE INTENT TO DISTRIBUTE

OR HIS DISTRIBTUION OF THE CONTROLLED SUBSTANCE (CRACK) MUST

BE KNOWING.   MY PREVIOUS INSTRUCTIONS REGARDING "KNOWINGLY"

APPLY HERE AS WELL.   THE GOVERNMENT MUST PROVE THAT THE

DEFENDANT KNEW THAT HE POSSESSED DRUGS, AND THAT HIS

POSSESSION WAS NOT DUE TO CARELESSNESS, NEGLIGENCE OR MISTAKE.

IF YOU FIND THAT THE DEFENDANT DID NOT KNOW THAT HE HAD DRUGS

IN HIS POSSESSION, OR THAT HE DIDN'T KNOW THAT WHAT HE POSSESSED

OR DISTRIBUTED WAS, IN FACT, DRUGS, THEN THE GOVERNMENT WOULD

NOT HAVE PROVEN THAT ELEMENT BEYOND A REASONABLE DOUBT.

ALTHOUGH THE GOVERNMENT MUST PROVE THAT THE DEFENDANT

KNEW THAT HE POSSESSED DRUGS, THE GOVERNMENT DOES NOT HAVE

TO PROVE THAT THE DEFENDANT KNEW THE EXACT NATURE OF THE

DRUGS IN HIS POSSESSION.   IT IS ENOUGH THAT THE GOVERNMENT

PROVES THAT THE DEFENDANT KNEW THAT HE POSSESSED SOME KIND OF

CONTROLLED SUBSTANCE.

_____

Sand, Instruction No. 56 8


## REQUESTED INSTRUCTION NO. 41

## DISTRIBUTION AND POSSESSION WITH INTENT TO DISTRIBUTE A CONTROLLED SUBSTANCE--SECOND ELEMENT-- METHOD OF PROVING KNOWLEDGE


YOUR DECISION WHETHER A DEFENDANT KNEW THE MATERIALS HE POSSESSED WERE DRUGS INVOLVES A DECISION ABOUT THE DEFENDANT'S STATE OF MIND.   IT IS OBVIOUSLY IMPOSSIBLE TO PROVE DIRECTLY THE OPERATION OF THE DEFENDANT'S MIND.   BUT A WISE AND INTELLIGENT CONSIDERATION OF ALL THE FACTS AND CIRCUMSTANCES SHOWN BY THE EVIDENCE AND THE EXHIBITS IN THE CASE MAY ENABLE YOU TO INFER WHAT THE CONSPIRATOR'S STATE OF MIND WAS.

IN OUR EVERYDAY AFFAIRS, WE ARE CONTINUOUSLY CALLED UPON TO DECIDE FROM THE ACTIONS OF OTHERS WHAT THEIR STATE OF MIND IS.   EXPERIENCE HAS TAUGHT US THAT, FREQUENTLY, ACTIONS SPEAK LOUDER AND MORE CLEARLY THAN SPOKEN OR WRITTEN WORDS. THEREFORE, YOU MAY WELL RELY IN PART ON CIRCUMSTANTIAL EVIDENCE IN DETERMINING THE DEFENDANT'S STATE OF MIND.

IT IS UP TO YOU, BASED ON ALL THE EVIDENCE, TO DETERMINE

WHETHER THE DEFENDANT KNEW THAT HE POSSESSED DRUGS.

_____

Sand, Instruction No. 56 9

## REQUESTED INSTRUCTION NO. 42

## DISTRIBUTION AND POSSESSION WITH INTENT TO DISTRIBUTE A CONTROLLED SUBSTANCE--THIRD ELEMENT-- DISTRIBUTION OR INTENT TO DISTRIBUTE

IF YOU FIND THAT THE DEFENDANT KNOWINGLY POSSESSED

CONTROLLED SUBSTANCES, THEN YOU MUST DECIDE WHETHER THE

DEFENDANT EITHER (A) DISTRIBUTED THE DRUGS OR (B) INTENDED TO

DISTRIBUTE THEM.   THE GOVERNMENT MUST PROVE ONE OF THESE

CIRCUMSTANCES BEYOND A REASONABLE DOUBT; IT NEED NOT PROVE

BOTH.

Sand, Instruction No. 56-11

## REQUESTED INSTRUCTION NO. 43

## DISTRIBUTION AND POSSESSION WITH INTENT TO DISTRIBUTE A CONTROLLED SUBSTANCE -- THIRD ELEMENT -- DEFINITION OF DISTRIBUTION

THE WORD "DISTRIBUTE" MEANS TO DELIVER.    "DELIVER" IS DEFINED AS THE ACTUAL, CONSTRUCTIVE OR ATTEMPTED TRANSFER. SIMPLY STATED ITHE WORDS DISTRIBUTE AND DELIVER MEAN TO PASS ON, OR TO HAND OVER TO ANOTHER, OR TO CAUSE TO BE PASSED ON, OR HANDED OVER TO ANOTHER, OR TO TRY TO PASS ON OR HAND OVER TO ANOTHER, A CONTROLLED SUBSTANCE.

DISTRIBUTION DOES NOT REQUIRE A SALE.    ACTIVITIES IN FURTHERANCE OF THE ULTIMATE SALE, SUCH AS VOUCHING FOR THE QUALITY OF THE DRUGS, NEGOTIATING FOR OR RECEIVING THE PRICE, AND SUPPLYING OR DELIVERING THE DRUGS MAY CONSTITUTE DISTRIBUTION.    IN SHORT, DISTRIBUTION REQUIRES A CONCRETE INVOLVEMENT IN THE TRANSFER OF THE DRUGS.

Sand, Instruction No. 56 12

66

## REQUESTED INSTRUCTION NO. 44

## DISTRIBUTION AND POSSESSION WITH INTENT TO DISTRIBUTE A CONTROLLED SUBSTANCE -- THIRD ELEMENT -- INTENT TO DISTRIBUTE

AS AN ALTERNATIVE TO PROVING THAT THE DEFENDANT ACTUALLY DISTRIBUTED THE DRUGS, TO SATISFY THE THIRD ELEMENT THE GOVERNMENT MAY PROVE THAT THE DEFENDANT POSSESSED NARCOTICS WITH THE INTENT TO DISTRIBUTE THEM.   TO PROVE THE THIRD ELEMENT IN THIS WAY, THE GOVERNMENT MUST PROVE, BEYOND A REASONABLE DOUBT, THAT THE DEFENDANT HAD CONTROL OVER THE DRUGS WITH THE STATE OF MIND OR PURPOSE TO TRANSFER THEM TO ANOTHER PERSON.

THE SAME CONSIDERATIONS THAT APPLY TO YOUR DETERMINATION WHETHER THE DEFENDANT KNEW HE POSSESSED DRUGS APPLY TO YOUR DECISION CONCERNING THE DEFENDANT'S INTENTION TO DISTRIBUTE THEM.   SINCE YOU CANNOT READ THE DEFENDANT'S MIND, YOU MUST MAKE INFERENCES FROM HIS BEHAVIOR. HOWEVER, YOU MAY NOT CONVICT THE DEFENDANT UNLESS THESE INFERENCES CONVINCE YOU BEYOND A REASONABLE DOUBT THAT THE DEFENDANT INTENDED TO DISTRIBUTE THE DRUGS.

YOU SHOULD MAKE YOUR DECISION WHETHER THE DEFENDANT INTENDED TO DISTRIBUTE THE DRUGS IN HIS POSSESSION FROM ALL OF THE EVIDENCE PRESENTED.

Sand, Instruction No. 56-13

## REQUESTED INSTRUCTION NO. 45

## COUNT TWO: POSSESSION OF A FIREARM
## IN FURTHERANCE OF A DRUG TRAFFICKING CRIME


IF YOU FIND THAT THE GOVERNMENT HAS PROVEN THE ELEMENTS OF THE DRUG TRAFFICKING CRIME ALLEGED IN COUNT TWO, THAT IS, DISTRIBUTION OF CRACK COCAINE OR POSSESSION WITH THE INTENT TO DSITRBUTE CRACK COCAINE, THEN YOU TURN TO CONSIDERATION OF WHETHER THE DEFENDANT'S POSSESSION OF THE FIREARM WAS IN FURTHERANCE OF THE DRUG TRAFFICKING CRIME

## REQUESTED INSTRUCTION NO. 46

## SECOND ELEMENT: KNOWINGLY POSSESSED A FIREARM IN FURTHERANCE OF THE COMMISSION OF DRUG TRAFFICKING CRIME

THE SECOND ELEMENT THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT IS THAT THE DEFENDANT KNOWINGLY POSSESSED A FIREARM IN FURTHERANCE OF THE DRUG TRAFFICKING CRIME ALLEGED IN COUNT TWO..

TO PROVE THAT THE DEFENDANT POSSESSED THE FIREARM IN FURTHERANCE OF THE CRIME, THE GOVERNMENT MUST PROVE THAT THE DEFENDANT HAD POSSESSION OF THE FIREARM AND THAT SUCH POSSESSION WAS IN FURTHERANCE OF THAT CRIME.   POSSESSION IS AS I HAVE PREVIOUSLY DEFINED THAT TERM FOR YOU.   IT MEANS THAT THE DEFENDANT EITHER HAD PHYSICAL POSSESSION OF THE FIREARM ON HIS PERSON OR THAT HE HAD DOMINION AND CONTROL OVER THE PLACE WHERE THE FIREARM WAS LOCATED AND HAD THE POWER AND INTENTION TO EXERCISE CONTROL OVER THE FIREARM.

TO POSSESS A FIREARM IN FURTHERANCE OF THE CRIME MEANS THAT THE FIREARM HELPED FORWARD, ADVANCE, OR PROMOTE THE COMMISSION OF THE CRIME.   THE MERE POSSESSION OF THE FIREARM AT THE SCENE OF THE CRIME IS NOT SUFFICIENT UNDER THIS DEFINITION.

THE FIREARM MUST HAVE PLAYED SOME PART IN FURTHERING THE DRUG TRAFFICKING CRIME IN ORDER FOR THIS ELEMENT TO BE SATISFIED.

TO SATISFY THIS ELEMENT, YOU MUST ALSO FIND THAT THE DEFENDANT POSSESSED THE FIREARM KNOWINGLY.   THIS MEANS THAT HE POSSESSED THE FIREARM PURPOSELY AND VOLUNTARILY, AND NOT BY ACCIDENT OR MISTAKE.   IT ALSO MEANS THAT HE KNEW THAT THE WEAPON WAS A FIREARM, AS WE COMMONLY USE THE WORD. HOWEVER, THE GOVERNMENT IS NOT REQUIRED TO PROVE THAT THE DEFENDANT KNEW THAT HE WAS BREAKING THE LAW.

THE POSSESSION OF THE FIREARM MUST ADVANCE THE OFFENSE, THAT IS, THE DRUG TRAFFICKING CRIME, IN SOME WAY.   IN THE PRESENT CASE, THE GOVERNMENT ALLEGES THAT THE FIREARM WAS THE VERY BARTERED FOR OBJECT WHICH ALLOWED FOR THE DRUG TRAFFICKING CRIME TO OCCUR- THE DEFENDANT ACCEPTED THE FIREARM IN EXCHANGE FOR CRACK COCAINE.

THE POSSESSION OF THE FIREARM MUST "FURTHER, ADVANCE, OR HELP FORWARD" THE ILLEGAL ACTIVITY, THAT IS, THE DRUG TRAFFICKING CRIME IN SOME WAY.

2 35 Modern Federal Jury Instructions Criminal P 35.14

71

## REQUESTED INSTRUCTION NO. 47

## VARIANCE IN DATE -- IMMATERIAL

THE INDICTMENT CHARGES THAT THE OFFENSE ALLEGED WAS COMMITTED "IN OR ABOUT" OR "ON OR ABOUT" CERTAIN DATES.

ALTHOUGH IT IS NECESSARY FOR THE GOVERNMENT TO PROVE BEYOND A REASONABLE DOUBT THAT THE OFFENSE WAS COMMITTED ON A DATE REASONABLY NEAR THE DATE ALLEGED, IT IS NOT NECESSARY FOR THE GOVERNMENT TO PROVE THAT THE OFFENSE WAS COMMITTED PRECISELY ON THE DATE CHARGED.

---

Devitt and Blackmar, § 13.05.

72

## REQUESTED INSTRUCTION NO. 48

## PUNISHMENT

THE QUESTION OF POSSIBLE PUNISHMENT OF THE DEFENDANT IS OF NO CONCERN TO THE JURY AND SHOULD NOT, IN ANY SENSE, ENTER INTO OR INFLUENCE YOUR DELIBERATIONS.   THE DUTY OF IMPOSING SENTENCE RESTS EXCLUSIVELY UPON THE COURT.   YOUR FUNCTION IS TO WEIGH THE EVIDENCE IN THE CASE AND TO DETERMINE WHETHER OR NOT THE DEFENDANT IS GUILTY BEYOND A REASONABLE DOUBT, SOLELY UPON THE BASIS OF SUCH EVIDENCE.   UNDER YOUR OATH AS JURORS, YOU CANNOT ALLOW A CONSIDERATION OF THE PUNISHMENT WHICH MAY BE IMPOSED UPON THE DEFENDANT, IF HE IS CONVICTED, TO INFLUENCE YOUR VERDICT, IN ANY WAY, OR, IN ANY SENSE, ENTER INTO YOUR DELIBERATIONS.

---

Sand, Instruction No. 9-1.

## REQUESTED INSTRUCTION NO. 49

## SELECTION OF A FOREPERSON

WHEN YOU GET INTO THE JURY ROOM, BEFORE YOU BEGIN YOUR DELIBERATIONS, YOU SHOULD SELECT SOMEONE TO BE THE FOREPERSON.   THE FOREPERSON WILL BE RESPONSIBLE FOR SIGNING ALL COMMUNICATIONS TO THE COURT AND FOR HANDING THEM TO THE MARSHAL DURING YOUR DELIBERATIONS.

---

Sand, Instruction No. 9-5.

## REQUESTED INSTRUCTION NO. 50

## NOTE TAKING BY JURORS (if applicable)

I HAVE PERMITTED YOU TO TAKE NOTES DURING THE TRIAL. THOSE NOTES ARE SIMPLY AN AID TO YOUR MEMORY.  BECAUSE THE NOTES MAY BE INACCURATE OR INCOMPLETE, THEY MAY NOT BE GIVEN ANY GREATER WEIGHT OR INFLUENCE THAN THE RECOLLECTION OF OTHER JURORS ABOUT THE FACTS OR THE CONCLUSIONS TO BE DRAWN FROM THE FACTS IN DETERMINING THE OUTCOME OF THIS CASE.  ANY DIFFERENCE BETWEEN A JUROR'S RECOLLECTION AND A JUROR'S NOTES SHOULD ALWAYS BE SETTLED BY ASKING TO HAVE THE COURT REPORTER'S TRANSCRIPT ON THAT POINT READ BACK TO YOU.  YOU MUST BASE YOUR DETERMINATION OF THE FACTS AND, ULTIMATELY, YOUR VERDICT ON THE COURT RECORD RATHER THAN ON ANY JUROR'S NOTES.

---

Adapted from PJI 1:103.

## REQUESTED INSTRUCTION NO.   51

### RIGHT TO SEE EXHIBITS AND HEAR TESTIMONY; COMMUNICATIONS WITH COURT

YOU ARE ABOUT TO GO INTO THE JURY ROOM AND BEGIN YOUR DELIBERATIONS.  I WILL SEND TO THE JURY ROOM ALL THE EXHIBITS EXCEPT THE DRUG AND FIREARM EXHIBITS.   IF YOU WANT ANY OF THE TESTIMONY READ, OR AN AUDIO OR VIDEO TAPE REPLAYED, THAT CAN ALSO BE DONE.   BUT, PLEASE REMEMBER THAT IT IS NOT ALWAYS EASY TO LOCATE WHAT YOU MIGHT WANT, SO BE AS SPECIFIC AS YOU POSSIBLY CAN IN REQUESTING EXHIBITS OR PORTIONS OF TESTIMONY WHICH YOU MAY WANT.

YOUR REQUESTS FOR TESTIMONY, IN FACT ANY COMMUNICATION WITH THE COURT, SHOULD BE MADE TO ME IN WRITING, SIGNED BY YOUR FOREPERSON, AND GIVEN TO ONE OF THE MARSHALS.   I WILL RESPOND TO ANY QUESTIONS OR REQUESTS YOU HAVE AS PROMPTLY AS POSSIBLE, EITHER IN WRITING OR BY HAVING YOU RETURN TO THE COURTROOM SO I CAN SPEAK WITH YOU IN PERSON.   IN ANY EVENT, DO NOT TELL ME OR ANYONE ELSE HOW THE JURY STANDS ON THE ISSUE OF THE DEFENDANT'S GUILT UNTIL AFTER A UNANIMOUS VERDICT IS REACHED.

---

Sand, Instruction No. 9-3.

## REQUESTED INSTRUCTION NO. 52

## DUTY TO CONSULT AND NEED FOR UNANIMITY

THE GOVERNMENT, TO PREVAIL, MUST PROVE THE ESSENTIAL ELEMENTS BY THE REQUIRED DEGREE OF PROOF, AS ALREADY EXPLAINED IN THESE INSTRUCTIONS.  IF IT SUCCEEDS, YOUR VERDICT SHOULD BE GUILTY; IF IT FAILS, IT SHOULD BE NOT GUILTY.   TO REPORT A VERDICT, IT MUST BE UNANIMOUS.

YOUR FUNCTION IS TO WEIGH THE EVIDENCE IN THE CASE AND DETERMINE WHETHER OR NOT THE DEFENDANT IS GUILTY, SOLELY UPON THE BASIS OF SUCH EVIDENCE.

EACH JUROR IS ENTITLED TO HIS OR HER OPINION; EACH SHOULD, HOWEVER, EXCHANGE VIEWS WITH HIS OR HER FELLOW JURORS.   THAT IS THE VERY PURPOSE OF JURY DELIBERATION–TO DISCUSS AND CONSIDER THE EVIDENCE; TO LISTEN TO THE ARGUMENTS OF FELLOW JURORS; TO PRESENT YOUR INDIVIDUAL VIEWS; TO CONSULT WITH ONE ANOTHER; AND TO REACH AN AGREEMENT BASED SOLELY AND WHOLLY ON THE EVIDENCE, IF YOU CAN DO SO WITHOUT VIOLENCE TO YOUR OWN INDIVIDUAL JUDGMENT.

EACH OF YOU MUST DECIDE THE CASE FOR YOURSELF, AFTER CONSIDERATION, WITH YOUR FELLOW JURORS, OF THE EVIDENCE IN THE CASE.

BUT YOU SHOULD NOT HESITATE TO CHANGE AN OPINION WHICH, AFTER DISCUSSION WITH YOUR FELLOW JURORS, APPEARS ERRONEOUS.

HOWEVER, IF, AFTER CAREFULLY CONSIDERING ALL THE EVIDENCE AND THE ARGUMENTS OF YOUR FELLOW JURORS, YOU ENTERTAIN A CONSCIENTIOUS VIEW THAT DIFFERS FROM THE OTHERS, YOU ARE NOT TO YIELD YOUR CONVICTION SIMPLY BECAUSE YOU ARE OUTNUMBERED.

YOUR FINAL VOTE MUST REFLECT YOUR CONSCIENTIOUS CONVICTION AS TO HOW THE ISSUES SHOULD BE DECIDED. YOUR VERDICT, WHETHER GUILTY OR NOT GUILTY, MUST BE UNANIMOUS.

_____

Sand, Instruction No.   9-7**.**

## **CONCLUSION**

The Government respectfully requests that it be permitted to submit additional or supplementary requests to charge should such submission be warranted by subsequent developments during the trial of this matter.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

*******************************************

UNITED STATES OF AMERICA,

      **v.**                         **Criminal Number**
                                          **1:14-CR-366 (MAD)**

SHAKIR MICHAEL,

              **Defendant.**

*******************************************

### Certificate of Service

I hereby certify that on March 9, 2015, I electronically filed the **Government's Proposed Jury Instructions** with the Clerk of the District Court using the CM/ECF system, with email notification to defense counsel:

Arthur R. Frost, Esq.


                   /s/ Robert A. Sharpe
                  Robert A. Sharpe
                  Assistant U.S. Attorney